551 So.2d 385 (1989)
Lula Mae TERRY and Jimmy Edward Terry
v.
LIFE INSURANCE COMPANY OF GEORGIA.
88-696.
Supreme Court of Alabama.
September 22, 1989.
Jerry O. Lorant of Lorant & Hollingsworth, Birmingham, for appellants.
Stanley K. Smith of Porterfield, Bainbridge, Mims & Harper, Birmingham, for appellee.
PER CURIAM.
Plaintiffs, Lula Mae and Jimmy Edward Terry, appeal from the summary judgment in favor of the defendant, Life Insurance Company of Georgia, in their suit alleging negligence and wantonness[1] in the maintenance of carpet that allegedly created a dangerous condition that caused Mrs. Terry to fall and injure herself.
On September 11, 1988, Life Insurance Company of Georgia ("Life of Georgia") filed a motion for summary judgment, at which time the only evidence in opposition was Mrs. Terry's deposition and pleadings. She subsequently filed an affidavit on November 3, 1988, and the motion was heard and submitted on January 6, 1989. The trial court entered summary judgment for Life of Georgia on January 25, 1989, and, although the trial court did not specify the reason(s) for its ruling, the basis for the company's motion was that Mrs. Terry had been contributorily negligent as a matter of law.
Saunders Leasing Systems, Inc., for which Mrs. Terry worked, leased its building from Life of Georgia. On January 9, 1985, as Mrs. Terry began to descend a stairwell at work, she lost her balance and fell down the stairs. She claims that the all-purpose carpet on the landing at the top *386 of the stairs was worn and loose at the seam, and that the heel of her shoe caught in it, causing her to fall.
Life of Georgia argues that, even assuming that Mrs. Terry proved the precise cause of her fall (and it claims she did not), she nonetheless knew of the allegedly dangerous condition of the carpet and was, thus, contributorily negligent. Contrary to Life of Georgia's argument that she did not establish the cause of her fall, her affidavit,[2] answers to interrogatories, and deposition provide at least a scintilla of evidence[3] that the worn condition of the carpet precipitated her fall. See Bates v. Peoples Savings Life Ins. Co., 475 So.2d 484 (Ala. 1985).
There is, however, evidence that Mrs. Terry knew of and was familiar with the condition of the carpet prior to her accident, as revealed in her deposition:
"Q. Now, is this the same landing and the same steps that you had walked down every day since June of 1984?
"A. Yes.
". . . .
"Q. So you had been walking down these steps for about seven months at the time?
"A. Something like that.
". . . .
"Q. Would it be fair to say that basically every day since you had started there in June of '84 up until January 9th of '85 probably at least once a day you would either go up or down those steps?
"A. Yes.
". . . .
"Q. So you were familiar with the steps and this area?
"A. Yes.
"Q. And you had walked up and down these steps hundreds of times?
"A. Yes. Well, I don't know hundreds of times, but, anyway
"Q. Well, once or twice a day every working day since June of '84?
"A. Yes.
". . . .
"Q. Now, that seam in the carpet, you said that was something that you had seen and known about?
"A. I had seen theseen it there, nothing I wouldyou know, like you walk through and you see something.
"Q. You just didn't pay any particular attention to it?
"A. Yeah.
"Q. But you had been seeing it before your accident just in noticing it walking by?
"A. Yeah.
". . . .
"Q. You had noticed it and seen it the times you walked over it, you just hadn't given it a lot of particular thought?
"A. That's right."
The Restatement (Second) of Torts § 343A (1965) states:
"(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."
Comment b defines "known" and "obvious." In order to conclude that the defect was "known," the plaintiff must be aware of the existence of the condition and must appreciate the danger it involves. "Obvious" means that the condition and risk are apparent to, and would be recognized by, a reasonable person in the position of the invitee. Therefore, the "obvious" test is an objective one.
As was stated in Bogue v. R & M Grocery, 553 So.2d 545 (Ala.1989), once it has *387 been determined that the duty owed to an invitee has been breached, questions of contributory negligence, assumption of the risk, or whether the plaintiff should have been aware of the defect, are normally questions for the jury. This is such a case. There are any number of factual issues for a jury in this case, as there usually are in negligence cases.
Accordingly, we reverse the judgment of the trial court and remand.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS and KENNEDY, JJ., concur.
MADDOX, HOUSTON and STEAGALL, JJ., dissent.
MADDOX, Justice (dissenting).
Admittedly, summary judgment is rarely appropriate in a negligence case[4], but the facts of this case are almost identical to those in Duffy v. Bel Air Corp., 481 So.2d 872 (Ala.1985), where this Court said:
"Where a plaintiff is aware of a defect, contributory negligence in not remembering and avoiding the danger will be presumed in the absence of a satisfactory excuse for forgetting. City of Birmingham v. Edwards, 201 Ala. 251, 255, 77 So. 841, 845 (1918). An invitor is not liable for injuries to an invitee resulting from a danger which was known to the invitee or which should have been observed by the invitee in the exercise of reasonable care. Quillen v. Quillen, 388 So.2d 985, 989 (Ala.1980). In Ex parte Bennett, 426 So.2d 832 (Ala.1982), plaintiff tripped over a concrete car stop at the exit of a grocery store and was injured. The evidence indicated that plaintiff was aware of the stops prior to the accident and was attempting to avoid them at the time of the accident. This Court held that the granting of defendant's motion for judgment notwithstanding the verdict was proper since there was no disputed material fact on the issue of an open and obvious danger. 426 So.2d at 835.
"In her deposition, Mrs. Duffy [plaintiff] gave the following testimony:
"`Q. What did you fall on, if anything?
"`A. There was rocks there; little gravel.
"`. . . .
"`Q. Okay. Where were these rocks?
"`A. They were in the street.
"`Q. These little gravels?
"`A. The little gravel was in the street.
"`Q. Okay. And you saw those in the street?
"`A. Yes.
"`Q. And you saw them as you were walking across the street?
"`A. I saw them there as I was well, I was standing there.
"`Q. And before you fell?
"`A. Yes.
"`. . . .
"`Q. Go ahead. You saw the little gravel or little rocks when you got out of the car?
"`A. Yes.
"`Q. And you walked around the island. Was there any little gravel or any little rocks around on the pavement?
"`A. There was quite a few on the pavement.
"`Q. And you saw them as you were walking around?
"`A. As I was walking around. Yes.
"`Q. Were you concerned about slipping on them?
"`A. Not really. I had passed there many times before.
"`Q. Had you seen them there many times before?
"`A. Yes.
"`Q. Had you ever slipped on them before?
"`A. No.
*388 "`Q. Had you ever walked on the little rock or little gravel before?
"`A. I had walked on them, but I had never stepped on a rock and turned my ankle before.
"`Q. But you had walked through that area?
"`A. I had walked through that area before.
"`Q. And you had walked through that area and stepped on the little gravel or the little rocks?
"`A. Yes.'
"It is clear from Mrs. Duffy's deposition that she knew of the existence of the hazard prior to the accident. There was no evidence to the contrary before the trial court. Therefore, the trial court properly determined that defendant was entitled to a judgment as a matter of law."
The facts in Duffy are substantially like the facts here; therefore, I think that summary judgment was appropriate here. The mere happening of an accident does not give rise to a presumption of negligence. In short, the principle of res ipsa loquitur does not apply in slip-and-fall cases. Ex parte Travis, 414 So.2d 956 (Ala.1982).
HOUSTON, Justice (dissenting).
I do not find a scintilla of evidence of wantonness; therefore, I would affirm the trial court's judgment on the wantonness issue. In spite of Mrs. Terry's contradictory testimony, I do not believe that her affidavit was a "sham," which would permit or require the trial court to disregard it under the authority of Lady Corinne Trawlers, Inc. v. Zurich Ins. Co., 507 So.2d 915 (Ala.1987), for the reasons stated in the majority opinion. Therefore, I do find a scintilla of evidence of negligence. However, the very evidence that provides this scintilla provides uncontradicted evidence that the defect that constituted the negligence was "known" and "obvious" to Mrs. Terry. I do not think that the trial court erred in entering summary judgment for the defendant under all of the facts before it when summary judgment was entered. I would affirm the judgment of the trial court; therefore, I dissent.
STEAGALL, Justice (dissenting).
This case is strikingly similar to Sutton v. Mitchell Co., 534 So.2d 289 (Ala.1988), in which this Court held that because the evidence of the plaintiff's knowledge of the injury-producing hazard was uncontroverted, that evidence established contributory negligence as a matter of law:
"Here, under the facts of this case, which are not in dispute, we can say, as a matter of law, that Sutton was contributorily negligent. The trial court, therefore, did not err in granting summary judgment on Sutton's negligence count."
534 So.2d at 290 (emphasis added). See, also, Newton v. Creative Dining Food Systems, Inc., 492 So.2d 1011 (Ala.1986), and Duffy v. Bel Air Corp., 481 So.2d 872 (Ala.1985).
In this case, it is clear that Mrs. Terry was aware of and appreciated the dangerous condition of the carpet; therefore, her claims for negligence and wantonness should be precluded. I would, therefore, hold that the summary judgment for Life of Georgia was proper and, for that reason, I respectfully dissent.
NOTES
[1] Mr. Terry also sued for loss of consortium.
[2] Life of Georgia contends that Mrs. Terry's affidavit contradicted her prior deposition testimony that she was unsure of what caused her fall and that the affidavit was an improper attempt to create an issue of fact, in essence, that the affidavit is a "sham." See Lady Corinne Trawlers, Inc. v. Zurich Ins. Co., 507 So.2d 915 (Ala.1987). The record, however, does not bear out this argument. Mrs. Terry explicitly stated in her answers to interrogatories (specifically, Nos. 7 and 9) and in deposition that the heel of her shoe caught in the carpet, either in a tear or in a worn spot, and "hurled [her] down the stairway."
[3] Because the complaint in this case was filed before June 11, 1987, the scintilla rule, rather than the "substantial evidence" standard, applies. Ala.Code 1975, § 12-21-12.
[4] See a full discussion of this principle in Berness v. Regency Square Associates, Ltd., 514 So.2d 1346 (Ala.1987), an opinion I authored.