ALMON, Justice.
The plaintiffs, Patricia Ann Skipper (“Skipper”) and Gerald Wade Skipper, wife and husband, appeal from a summary judgment for the defendants, Shannon, Strobel & Weaver, Inc. (“Shannon”), and McCarter Brothers Flooring (“McCarter”).[1] The issues are whether Skipper presented substantial evidence that the defendants had negligently or wantonly allowed the floor on which she tripped to remain in a defective condition and whether the defendants established as a matter of law that Skipper was contributorily negligent or that she assumed the risk.
Skipper fell when she tripped over a floor tile in the Dothan Wal-Mart store while she was wprking as a Wal-Mart employee. Wal-Mart had contracted with Shannon to perform renovations of its store. Shannon had subcontracted with McCarter to replace the floor covering. McCarter worked principally while the store was closed. As it replaced sections of the floor, it left a gap of four to six inches between the old and the new flooring. The flooring, apparently made of vinyl *1073 tiles, was about one-eighth to one-quarter of an inch high on top of the concrete sub-flooring.
Skipper worked in the “domestics” section of the store. On the occasion of her injury, she was called to the front for a “price check,” which required her to retrieve a towel a customer was buying, return with the towel to the domestics section to ascertain the price, and then return to the front of the store. As she walked to the domestics section with the towel, she tripped on the new flooring and fell.
The trial court issued the following order in support of the summary judgment:
“I have considered the arguments of counsel and the materials submitted for and against the Defendants’ motion for summary judgment. The Plaintiffs deposition testimony shows that she knew the tile work was in progress and that it was potentially hazardous because store management told her so and she conveyed their warning to customers. Based on that awareness, I find that there is no material issue of fact for the jury to determine and that the Defendants are entitled to summary judgment.”
Skipper’s deposition includes the following:
“Q. When you went to the front of the store to get the towel for the price check, did you walk over the area where the tile — where the new tile started and the old tile—
“A. Yes, sir.
“Q. Did you have any trouble when you walked over it?
“A. No, sir.
“Q. Did you notice it as you walked over it?
“A. No, sir.
“Q. You knew it was there, but you didn’t pay any particular attention to it? You knew the new tile was—
“A. Yes, sir.
“Q. —was there?
[[Image here]]
“Q. Ms. Skipper, you told me earlier that they had told you at Wal-Mart about the tile and to be careful about the tile; is that right?
“A. Yes, sir.
“Q. And when they told you that, they told you to be careful because it might be dangerous if you weren’t careful, didn’t they?
“A. Yes, sir.
“Q. And you knew that?
“A. Yes, sir.
“Q. And you knew that if you weren’t real careful, as you walked over it you could trip and fall, didn’t you?
“A. Yes, sir.
“Q. And you told me earlier that if you had looked down, you think you would have seen it?
“A. Yes, sir.
“Q. But you were just inattentive and in a hurry and didn’t look that day?
“A. Yes, sir.
“Q. If you had looked, you probably wouldn’t have fallen, would you?
“A. No, sir.
[[Image here]]
“Q. Did you ever caution any of the customers about the tile?
“A. Yes, sir.
“Q. Tell me about that. How did you come to do that?
“A. They would come across there. And I’d say, watch it; don’t fall. There’s some tile, they’re working on the tile and all.
“Q. Is that the way that Wal-Mart— the management at Wal-Mart suggested you handle that with customers?
“A. Yes, sir.”
Skipper stated in an affidavit that there were no warnings placed on the floor to indicate where the work had been halted, and that she did not particularly notice where the new tile ended on that day, because there was nothing to bring it to her attention. She stated:
“Had there been a warning directing my attention to the area where the tile was raised I would not have stumped my toe, and therefore would not have fallen. I had *1074 no reason to be looking down at that point, because there was nothing to direct my attention to look down at the floor, and I was in a hurry. The Wal-Mart officials teach you when making a price check to get up to the front of the store as quickly as possible, make the price check, [and] carry the item back to the front of the store so that the check out line can be kept moving and everyone will not have to wait while the price check is being accomplished.”
Skipper cites Mann v. Smith, 561 So.2d 1112 (Ala.1990); Bogue v. R & M Grocery, Inc., 553 So.2d 545 (Ala.1989); and Terry v. Life Ins. Co. of Georgia, 551 So.2d 385 (Ala.1989), as recent cases in which this Court has reversed summary judgments for the defendants, holding that questions of whether premises were negligently left in a defective or dangerous condition and whether the plaintiffs were contributorily negligent or assumed the risk were fact questions for the jury. See also McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992).
This case is distinguishable from McClendon, Mann, Bogue, and Terry, supra. In McClendon, the only issue was whether the plaintiff McClendon had assumed the risk; the Court held that “The record does not support the conclusion that, as a matter of law, Charlotte McClendon freely and voluntarily incurred the risk that she would fall while walking within the premises of Mountain Top.” 601 So.2d at 960. The Court cited “the following requirements of the defense of assumption of the risk: 1) knowledge and appreciation by the plaintiff of the danger he is incurring; and 2) voluntary consent to bear that risk.’” Id., quoting Kelton v. Gulf States Steel, Inc., 575 So.2d 1054,1055 (Ala.1991). Skipper admitted that she knew of and appreciated the danger; in fact, she warned customers of it. The evidence requires a holding that she freely and voluntarily consented to it, because she did not introduce any evidence that she ever complained of the absence of warning signs or otherwise expressed any reluctance about working in the vicinity of the gap in the tile. See also Harris v. Food Equipment Specialist, Inc., 559 So.2d 1066 (Ala.1990), in which we affirmed a summary judgment for the defendant on the basis that the plaintiff had voluntarily assumed the risk of working in a defective walk-in cooler, knowing that ice had formed on the floor.
Mann, Bogue, and Terry are also distinguishable, because in those cases the plaintiffs could have reasonably failed to perceive the particular risks posed by the improperly constructed steps, the steep ramp, and the loose carpet seam, respectively. In each case the Court held that the evidence presented a fact question as to whether the plaintiff was contributorily negligent in failing to avoid injury. Here, however, Skipper was well aware of the presence of the replacement tiles and of the risk they posed. Her very failure to notice the junction of the old and the new tiles was, and can only be, negligence on her part; and it is clear that that negligence proximately caused or contributed to her injury. See also Harvell v. Johnson, 598 So.2d 881 (Ala.1992) (plaintiff, subcontractor’s employee, was aware of danger posed by steps on which he was injured); Howell v. Cook, 576 So.2d 227 (Ala.1991) (plaintiff, mowing defendants’ yard while barefoot, was aware of peaches on the ground); Hines v. Hardy, 567 So.2d 1283 (Ala.1990) (plaintiff, who worked for defendants as a domestic servant, had notice of slippery condition of crosstie in yard).
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.

. Gerald’s claims are derivative of Patricia’s claims and will not be discussed separately. An answer was filed on behalf of "McCarter Brothers Floor Covering, which is incorrectly named in plaintiffs' complaint as McCarter Brothers Flooring.” It appears that this business is a proprietorship, but no substitution of parties was made, and no issue is raised as to this defendant's status.