Deborah Dean Shelton appeals from a summary judgment entered in favor of Boston Financial, Inc., in her action seeking damages for injuries she sustained when she *Page 825 
slipped and fell while on property owned by Boston Financial. We affirm.
In reviewing a summary judgment, we must construe the evidence in the manner most favorable to the appellant, and we must resolve all doubts against the appellee. Motes v.Matthews, 497 So.2d 1121, 1123 (Ala. 1986). The evidence, construed in that manner, suggests the following facts:
Ms. Shelton was living at Garden Cove Apartments, which are owned by Boston Financial. At the time of the accident, Ms. Shelton was in the process of moving from these apartments. A concrete walkway and stairs provided access to the individual units. The walkway and stairs were bordered by a grassy area with a slight slope. Paths worn in the grass indicated that the tenants often used the grass in lieu of the stairs and walkway. It had been raining for at least one day before the accident and it was drizzling at the time. Ms. Shelton stepped off the walkway onto the grass and her foot slid, causing her to fall and break her ankle.
Ms. Shelton sued for damages for her injuries, claiming that Boston Financial had breached its duty to provide and maintain safe premises. She maintains that the building had no gutters and that rainwater, therefore, was funnelled from the roof onto the grassy area abutting the walkways, thus causing this area to become slippery. Additionally, she asserts that Boston Financial had a duty to install a railing, a flower bed, a toeboard, or some other device to discourage tenants from using the grass instead of the walkway. She says that she was never warned to stay off the grassy area or that it was slippery.
In Alabama the duty owed by a landowner to a person on the landowner's property varies greatly, based upon the classification of the person on the property. Alabama law imposes three levels of duty. The highest duty is owed to invitees. With respect to the common areas of an apartment complex, a tenant has the same legal rights as an invitee.Coggin v. Starke Brothers Realty Co., 391 So.2d 111 (Ala. 1980). A landowner owes an invitee the legal duty "to exercise reasonable care and diligence to keep the premises in a reasonably safe condition for the uses contemplated by the invitation, and to warn the invitee of known dangers, or dangers that ought to have been known, and of which the invitee was ignorant." Lamson Sessions Bolt Co. v. McCarty, 234 Ala. 60, at 62, 173 So. 388 (1937). Additionally, Restatement(Second) of Torts § 343A (1965), as relied on by this Court inTerry v. Life Ins. Co. of Georgia, 551 So.2d 385, 386 (Ala. 1989), states: "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." In order for a condition to be "known," one "must be aware of the existence of the condition and must appreciate the danger it involves." Terry, 551 So.2d at 386. However, for a condition to be "obvious," "the condition and risk [must be] apparent to, and [of the type that] would be recognized by, a reasonable person in the position of the invitee." Id.
The trial court properly entered the summary judgment because, although Ms. Shelton maintains that she did not know that the grass was wet or that it posed a danger, she did know that it had been raining. A reasonable person would be expected to realize that rain falling on grass would cause the grass to be wet and that a slope covered by wet grass would naturally be slippery. Boston Financial provided the appellant with an alternative route that was safe and, in its standard lease, it even told tenants to stay off the grass and shrubbery; it owed no further duty to Ms. Shelton.
The summary judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON and HOUSTON, JJ., concur.
KENNEDY, J., concurs in result. *Page 826