Magdolna Boyd appeals from a summary judgment entered in favor of Sears Roebuck and Company in her action seeking damages *Page 950 
for injuries sustained when she slipped and fell while on property owned by Sears. We affirm.
In reviewing a summary judgment, we must construe the evidence in the manner most favorable to the appellant, and we must resolve all doubts against the appellee. Motes v.Matthews, 497 So.2d 1121, 1123 (Ala. 1986). The evidence, construed in that manner, suggests the following facts:
Ms. Boyd was at a Sears Service Center having work performed on her automobile. She was in a waiting room while the work was being performed, until a mechanic, employed by Sears, summoned her into the service area to show her something on her car. Returning from the service area, Ms. Boyd slipped in a puddle of oil and sustained injuries.
Ms. Boyd sued for damages for her injuries, claiming that Sears had breached its duty to use reasonable care and diligence to maintain the premises in a reasonably safe condition and to warn of any known dangers, or dangers that reasonably should have been known to it. She also claimed that the defendant's conduct was wanton because its employee summoned her into the service area; she said that the employee's actions showed a reckless indifference for her safety and well-being.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact and 2) that the moving party is entitled to a judgment as a matter of law. Rule 56 is read in conjunction with the "substantial evidence rule" (§ 12-21-12, Ala. Code 1975), for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a defendant's properly supported motion for summary judgment, the plaintiff must present "substantial evidence," i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989).
In Alabama, the duty owed by a landowner to a person on his property varies greatly based upon the classification of the person on the land. The three classifications of persons coming onto the land are trespasser, licensee, and invitee. In order to be considered an invitee, the plaintiff must have been on the premises for some purpose that materially or commercially benefitted the owner or occupier of the premises. Autry v.Roebuck Park Baptist Church, 285 Ala. 76, at 81, 229 So.2d 469, at 473 (1969), citing McNulty v. Hurley, 97 So.2d 185
(Fla. 1957). The parties agree that Ms. Boyd was an invitee. The duty owed to an invitee "is limited to [protecting the invitee from] hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care." Harvell v. Johnson, 598 So.2d 881 (Ala. 1992) (quoting earlier cases). However, "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement(Second) of Torts § 343A (1965), quoted in Terry v. Life Ins.Co. of Georgia, 551 So.2d 385, 386 (Ala. 1989). In order for a condition to be "known" to a person, that person "must be aware of the existence of the condition and must appreciate the danger it involves." Terry, 551 So.2d at 386. Ms. Boyd admitted that she had seen the oil spot and was attempting to avoid it when she fell. She contends, however, that she was not aware of the danger created by the oil. Her appreciation of the danger is evidenced by her own admission that she was attempting to avoid the oil spot when she fell. Thus, there was no genuine issue of material fact, and the trial court properly entered the summary judgment as to the negligence claim.
The summary judgment was also properly granted as to Ms. Boyd's wantonness claim. "Wantonness" is defined as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." § 6-11-20(b)(3), Ala. Code, 1975. *Page 951 
 Implicit in wanton . . . misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury." Big B, Inc. v. Cottingham, 634 So.2d 999 (Ala. 1993). The mechanic's act of summoning Ms. Boyd into the service area in order to point out a condition in the engine of her automobile is not wanton conduct. Although whether a defendant acted wantonly is usually a fact question to be determined by a jury, Cash v. Caldwell, 603 So.2d 1001 (Ala. 1992), here there was a total lack of evidence from which the jury could have reasonably inferred wantonness. Thus, the summary judgment was also properly entered as to this claim.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON, STEAGALL and INGRAM, JJ., concur.