**Charles GATES and Bonnie Gates, Plaintiffs,**

**v.**

**VARIETY WHOLESALERS, INC., a corporation d/b/a Bargain Town, U.S.A., Defendant.**

**Civ. A. No. 92–D–1442–N.**

United States District Court,
M.D. Alabama,
Northern Division.

March 6, 1995.

Charles Tom Payne, Montgomery, AL, for plaintiffs.

T. Randall Lyons, Marianne Crosse, Montgomery, AL, for defendant.

## MEMORANDUM OPINION AND ORDER

De MENT, District Judge.

Before the court is the defendant's motion for summary judgment filed September 19, 1994. The defendant contemporaneously filed a brief and affidavit in support thereof. The plaintiffs submitted two affidavits in opposition on January 24, 1995. After careful consideration of the arguments of counsel, the relevant caselaw and the record as a

whole, the court finds that the defendant's motion is due to be denied.

## JURISDICTION

This court has jurisdiction over this action pursuant to 28 U.S.C. § 1441 (removal jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction). Diversity jurisdiction is proper because complete diversity exists between the parties and the amount in controversy exceeds $50,000, exclusive of interest and costs. Personal jurisdiction and venue are uncontested.

## SUMMARY JUDGMENT STANDARD

■ On a motion for summary judgment, the court is to construe the evidence and factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court has stated:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

■ In further elaboration on the summary judgment standard, the court has said that "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted). Summary judgment is not proper "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510. *See Barfield v. Brierton,* 883 F.2d 923, 933 (11th Cir.1989).

## FACTS

Viewed in a light most favorable to the plaintiffs, the court finds the following facts to be relevant and controlling in this case:

This negligence action arises from alleged injuries suffered by plaintiff Charles Gates while a customer at the defendant's Bargain Town store in Wetumpka, Alabama. Charles Gates and his wife, also a plaintiff in this action, were looking at a display, consisting of rolls of vinyl linoleum and carpeting. Each roll is approximately twelve- to fifteen-feet high. The rolls are stored for customer inspection in an up-right position, locked into place by metal sides, with a metal bar running between the two sides. Each side has a hole in it, and the metal bar runs through both holes, to hold back the rolls of vinyl flooring.

Charles Gates contends that the metal bar holding the linoleum and carpet rolls came loose and that the rolls and bolts tumbled upon his head and person, knocking him backward into a shopping cart and causing head and back injuries. His wife, Bonnie Gates, asserts that as a result of the aforesaid injuries to her husband, she has suffered the loss of companionship, services and consortium.

Charles Gates alleges two counts of negligence. First, he contends that the defendant failed to secure the rolls of flooring in a reasonably safe manner and, second, that the defendant failed to warn him and other customers of the display's hazardous condition. The defendant, of course, denies all material allegations and in essence contends that the "accident" never happened.

In support of its motion for summary judgment, the defendant has submitted the affidavit of Marilyn Martin, one of the store's

managers. In sum, Martin asserts as follows: that she assisted and talked to Charles Gates on the day in question; that she never heard any clamor indicating an accident; and that while Charles Gates mentioned in passing that the metal bar securing the display had collapsed and caused him injury, he also said he was "fine." Martin further stated that she filled out an incident report at Charles Gates' request.

In opposition to the defendant's motion for summary judgment, the plaintiffs have submitted their affidavits. In Bonnie Gates' affidavit, she asserts that a store manager told her that the same metal bar from the display fell on her and broke her nose. Furthermore, Bonnie Gates asserts that while one of the defendant's employees completed the incident report, her husband's forehead was "swelling" and had an "indentation" where the metal bar had hit him. Thereafter, Bonnie Gates drove her husband to the emergency room at the Elmore County Hospital.

## DISCUSSION

In a negligence action [1] such as this, the plaintiff must show that the defendant owed him or her a legal duty, which the defendant breached, thereby proximately causing the plaintiff to suffer injury. *Spurlin v. General Motors Corp.*, 528 F.2d 612 (5th Cir.1976) (applying Alabama substantive law). At the time of the alleged injury to Charles Gates, he was a business invitee upon the defendant's store premises.

A landowner owes a duty to a business invitee " 'to exercise reasonable care and diligence to keep the premises in a reasonably safe condition for the uses contemplated by the invitation, and to warn the invitee of known dangers, or dangers that ought to have been known, and of which the invitee was ignorant." *Shelton v. Boston Fin., Inc.*, 638 So.2d 824, 825 (Ala.1994) (quoting *Lamson & Sessions Bolt Co. v. McCarty*, 234 Ala. 60, 173 So. 388 (1937)). However, "[a] possessor of land is not liable to his [or her] invitees for physical harm caused to them by an activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." *Restatement (Second) of Torts* § 343A (1965), quoted in *Boyd v. Sears Roebuck and Co.*, 642 So.2d 949, 950 (Ala.1994).

The Supreme Court of Alabama has defined "known" and "obvious" as follows:

> In order to conclude that the defect was "known," the plaintiff must be aware of the existence of the condition and must appreciate the danger it involves. "Obviously" means that the condition and risk are apparent to, and would be recognized by, a reasonable person in the position of the invitee. Therefore, the "obvious" test is an objective one.

*Terry v. Life Ins. Co. of Ga.*, 551 So.2d 385, 386 (Ala.1989) (citing *Restatement (Second) of Torts* § 343A (1965), cmt. b).

The court finds that the plaintiffs have raised a genuine issue of material fact as to each element of the negligence claims. The plaintiffs' evidence that a store manager had previously sustained injuries from the collapsing of the same display raises a genuine issue of material fact as to whether the defendant breached its duty to maintain its premises in a reasonably safe condition. This same evidence also creates a disputed fact as to whether the defendant had actual or constructive knowledge of the display's alleged hazards. [2]

---

1. In Count I of the complaint, the plaintiffs intermingle a negligence and wanton misconduct claim. The pretrial order, "which supersedes the pleadings," does not include a claim for wantonness. *McGinnis v. Ingram Equipment Co., Inc.*, 918 F.2d 1491, 1494 (11th Cir.1990). Hence, the court finds that the plaintiffs have abandoned said claim and may not seek recovery at trial under a wanton misconduct theory. *See Jackson v. Seaboard Coast Line Railroad Co.*, 678 F.2d 992, 1015 n. 34 (11th Cir.1982).

2. While the court finds that the plaintiffs have raised an issue of fact as to the defendant's knowledge, the court notes such a showing may not be necessary in this case. The court encourages the parties to examine *Wal–Mart Stores, Inc. v. McClinton*, 631 So.2d 232, 234 (Ala.1993) (holding that "when the defendant or his employees have affirmatively created the dangerous condition, plaintiff need not introduce evidence that the defendant had actual or constructive knowl-

■ Finally, the plaintiffs have met their burden as to the causation and injury elements: Specifically, the plaintiffs attest in their respective affidavits that the metal bar came loose and caused Charles Gates to sustain head and back injuries. Under Rule 56 of the *Federal Rules of Civil Procedure,* the court finds that the plaintiffs have presented sufficient evidence to preclude the granting of summary judgment.

### CONCLUSION

For the foregoing reasons, it is CONSIDERED and ORDERED that summary judgment be and the same is hereby DENIED.

edge of the hazard. Under such circumstances,

the courts presume notice").