MONROE, Judge,
dissenting.
I believe a jury should decide whether the Portside Condominium Owners’ Association was negligent in failing to warn of the danger of snakes in the pool area and in failing to take reasonable precautions to reduce the presence of snakes. Issues of negligence are seldom proper subjects for dismissal or summary judgment.
As the majority says, the Robisons were invitees, and the owners’ association owed them a duty of care to protect them from “hidden defects which are not known to the invitee[s] and would not be discovered by [them] in the exercise of ordinary care.” Boyd v. Sears Roebuck & Co., 642 So.2d 949, 950 (Ala.1994). Evidence shows that the pool in which 3-year-old T. J. Robison was playing when he was bitten by the water moccasin was 20 feet from the river. Barney Champion, president of the owners’ association, testified in his deposition: “I would expect snakes to be in the area because it’s on a river, but where there’s traffic, [people in the pool area], I just think that’s less likely for a snake to be there.” From Champion’s statement, it is clear that the owners’ association knew of the possible hidden danger of snakes in the pool area. The question of whether the association was negligent in failing to warn its invitees of that hidden danger *445 should be answered by a jury. Therefore, I believe the entry of summary judgment for the association on the negligence count was improper. Because I would reverse the judgment of the trial court, I respectfully dissent.