L. CHARLES WRIGHT, Retired Appellate Judge.
Ashley McCarthy and his wife, Linda McCarthy, sued Mobile International Raceway, Inc., alleging liability for injuries sustained by Ashley in a shp and fall accident on the premises of the raceway. The trial court entered a summary judgment in favor of the raceway. The McCarthys appeal. This case is before this court pursuant to § 12-2-7(6), Ala.Code 1975.
In reviewing a summary judgment, an appellate court must construe the evidence in a manner most favorable to the appellant and resolve all doubts against the appellee. Motes v. Matthews, 497 So.2d 1121 (Ala.1986). Reviewed in that manner, the evidence suggests the following facts:
On June 23, 1993, Ashley and his brother went to the raceway to watch the races. The races ended at approximately 11:00 p.m. Ashley and his brother proceeded to the stairwell to exit. An intoxicated man, who was trying to urinate, was blocking the entrance to the stairwell. Ashley’s brother decided to exit the premises by descending the grassy hillside adjacent to the stairwell. Ashley watched as his brother slipped on the grass and slid to the bottom of the hill. After seeing that, Ashley walked over to the stairwell in order to use the handrail for support as he descended the grassy hillside. After he reached the handrail, his foot slipped and “his ankle popped.” In his deposition Ashley described his fall in the following manner:
“Q. Well, let me see. Did your foot pop because you slipped and fell or did it pop because you stepped in a hole?
“A. Because I slipped and fell. I was going down that hill and slipped off the grass onto a dirt area and that is when it popped.”
Ashley further stated in deposition that the grass was slippery.
Ashley had been on the raceway premises many times prior to the accident. He always, except for the time at issue, entered and exited via the stairwell. However, he noticed on many occasions that other patrons, especially children, used the grassy hillside to exit.
An employee of the raceway, who was in charge of maintaining the premises, testified in deposition that he was in charge of maintaining the grassy hillside. He would cut the grass and, on occasion, would fill holes in the area with red clay, dirt, and grass. He stated that rain sometimes caused these areas to wash back out. He stated that he filled the holes every two or three months. There was no testimony concerning the condition of the holes in June 1993.
Ashley sued for damages for his injuries, claiming that the raceway had breached its duty to use reasonable care and diligence to maintain the premises in a reasonably safe condition and to warn of any known dangers, or dangers that reasonably should have been known to it. He also claimed that the raceway acted wantonly in refusing to repair the defects (the alleged holes) on the grassy hill *962 side. Ashley’s wife claimed loss of consortium.
A motion for a summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. McDonald v. Servpro, 581 So.2d 859 (Ala.Civ.App.1991). If the moving party makes a prima facie showing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to go forward with evidence demonstrating the existence of a genuine issue of fact. Grider v. Grider, 555 So.2d 104 (Ala.1989). In order to defeat a properly supported summary judgment motion, the nonmovant must create a genuine issue of material fact by presenting substantial evidence. McDonald. Substantial evidence is “‘evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven.’ [Ala.Code 1975,] § 12-21-12(d).” Economy Fire & Casualty Co. v. Goar, 551 So.2d 957 (Ala.1989).
There is no question that Ashley possessed the legal classification of an invitee. The duty owed an invitee from a landowner is “to keep the premises in a reasonably safe condition and, if the premises are unsafe, to warn of hidden defects and dangers that are known to the landowner but that are hidden or unknown to the invitee.” Hambright v. First Baptist Church-Eastwood, 638 So.2d 865 (Ala.1994). However, a landowner is not liable to invitees “ ‘for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the [landowner] should anticipate the harm despite such knowledge or obviousness.’ Restatement (Second) of Torts § 343A (1965), quoted in Terry v. Life Ins. Co. of Georgia, 551 So.2d 385, 386 (Ala.1989).” Boyd v. Sears Roebuck & Co., 642 So.2d 949 (Ala.1994). “In order for a condition to be ‘known’ to a person, that person ‘must be aware of the existence of the condition and must appreciate the danger it involves.’ Terry, 551 So.2d 385, 386 (Ala.1989).” Boyd.
Ashley testified in deposition that over a period of several years, he had seen numerous others travel on the grassy hillside without trouble. He had seen only one man stumble and that was due to the man’s intoxicated state. There was a stairwell available for his exit, and, ordinarily, he used it for such purposes. After watching his brother slip, Ashley made his way to the hand railing, to try to ensure a safe descent. Such conduct was an indication of an appreciation of the danger involved in descending a “slippery,” grassy hillside. In his deposition Ashley stated that he “slipped off the grass onto a dirt area” and that was the cause of the injury. In his answers to interrogatories, however, he suggested that a pothole caused him to fall. Such evidence may be disregarded pursuant to the holding in Robinson v. Hank Roberts, Inc., 514 So.2d 958 (Ala.1987). Furthermore, there was no evidence concerning the condition of the hillside at the time of the injury.
Under the facts of this case, we hold that the McCarthys failed to present substantial evidence that Ashley’s fall resulted from a defect on the raceway’s premises that was a result of the raceway’s negligence and of which the raceway had, or should have had, notice. Hale v. Sequoyah Caverns & Campgrounds, 612 So.2d 1162 (Ala.1992). There was nothing in the evidence to indicate that the raceway should have anticipated the harm that occurred to Ashley. Hale. There being no material issue in dispute, we find that the raceway was entitled to a summary judgment as a matter of law. Boyd; Sisk v. Heil Co., 639 So.2d 1363 (Ala.1994); Hale; Shaw v. City of Lipscomb, 380 So.2d 812 (Ala.1980).
Summary judgment was also proper as to the McCarthys’ wantonness claim. There was a total lack of evidence from which a jury could have inferred that the raceway’s conduct was wanton. Boyd.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status *963 as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.
MONROE, J., concurs in part and dissents in part.