Penny Hartzog and her husband, Michael Hartzog, sued Compass Bank, alleging liability for injuries sustained by Penny in a slip and fall accident on the premises of the bank. The trial court entered a summary judgment in favor of Compass Bank. The Hartzogs appeal. This case is before this court pursuant to § 12-2-7(6), Ala. Code 1975.
In reviewing a summary judgment, an appellate court must construe the evidence in a manner most favorable to the appellant and must resolve all doubts against the appellee.Motes v. Matthews, 497 So.2d 1121 (Ala. 1986). Reviewed in that manner, the evidence suggests the following facts:
Penny was an employee of U.S.A. Petroleum. One of her duties was to make daily deposits of cash received by U.S.A. to Compass Bank. On March 13, 1993, Penny called Compass Bank to ascertain whether it was open and was told that the bank was open. On March 12, 1993, the area had been hit by a snow and ice storm and most establishments were still closed.
Penny proceeded to Compass Bank to make the deposit. She testified in deposition that she saw snow and ice on the sidewalks and parking lot of Compass Bank. Penny traversed the icy sidewalk to enter the foyer of Compass Bank. She slipped when exiting the foyer, after finding the bank's inner doors locked. (Only the drive-thru windows were open.) She saw snow and ice on the sidewalk where she fell. At the time of her fall, she was aware that sidewalks covered with snow and ice were slippery and could cause people to fall.
A motion for a summary judgment may be granted when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. McDonald v.Servpro, 581 So.2d 859 (Ala.Civ.App. 1991). In order to defeat a properly supported summary judgment motion, the nonmovant must create a genuine issue of material fact by presenting substantial evidence. McDonald.
There is no question that Penny possessed the legal classification of an invitee. The duty owed an invitee from a landowner is "to keep the premises in a reasonably safe condition and, if the premises are unsafe, to warn of hidden defects and dangers that are known to the landowner but that are hidden or unknown to the invitee." Hambright v. FirstBaptist Church-Eastwood, 638 So.2d 865 (Ala. 1994). However, a landowner is not liable to invitees for harm caused to them by any activity or condition on the land whose danger is known or obvious *Page 327 
to them. Boyd v. Sears Roebuck Co., 642 So.2d 949 (Ala. 1994). "In order for a condition to be 'known' to a person, that person 'must be aware of the existence of the condition and must appreciate the danger it involves.' Terry [v. LifeIns. Co. of Georgia], 551 So.2d [385,] at 386 [(Ala. 1989)]."Boyd. For a condition to be "obvious," the condition and the risk must be apparent to, and of the type that would be recognized by, a reasonable person in the position of the invitee. Shelton v. Boston Financial, Inc., 638 So.2d 824 (Ala. 1994).
Under the facts of this case, a reasonable person would be expected to realize that a sidewalk covered with ice would naturally be slippery. Shelton. Penny testified that the sidewalk was covered with a sheet of ice and that she knew that sidewalks covered with snow and ice were slippery and could cause someone to fall. The trial court properly entered a summary judgment in favor of Compass Bank.
Summary judgment was also proper as to the Hartzogs' wantonness claim. There was a total lack of evidence from which a jury could have inferred that Compass Bank's conduct was wanton. Boyd.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.