Bud's Outlet and Wal-Mart Stores, Inc. ("Bud's") appeal from a judgment entered on a jury verdict for $60,000 in favor of Patricia Smith. On March 3, 1997, Smith sued Bud's for damages based on injuries she had sustained when she tripped and fell as she was leaving a store operated by Bud's. She tripped on the protruding footrest of a wheelchair located near the exit door. Smith alleged that Bud's had acted negligently or wantonly in regard to the *Page 221 
positioning of the wheelchair and had thereby caused the injuries she suffered. In its answer, Bud's asserted the defenses of contributory negligence and assumption of the risk, alleging that the wheelchair was an open and obvious danger that Smith should have seen and could have avoided.
On February 12, 1999, the case was tried to a jury, which returned a verdict for $60,000 in favor of Smith. At the conclusion of Smith's case, Bud's made a motion styled as a motion for a "judgment on the pleadings."[1] The motion argued that there was insufficient evidence to warrant submitting to the jury the issues of negligence, wantonness, and breach of duty. The motion further argued that the evidence established that the wheelchair, which Smith alleged somehow had caused her fall, was an open and obvious hazard, and that Bud's was entitled to a judgment. The trial court denied Bud's motion.
On March 15, 1999, pursuant to Rules 50 and 59, Ala.R.Civ.P., Bud's filed a renewed motion for a judgment as a matter of law,[2] or, in the alternative, a motion for a new trial, or in the alternative, a motion for a remittitur. Bud's argued that the trial court had erred in failing to sustain its challenge made pursuant to Batson v. Kentucky, 476 U.S. 79 (1986). Bud's also argued that the trial court had erred in failing to grant its previous motion for a judgment on the pleadings, which we construe as a motion for a judgment as a matter of law. (See note 2.) The trial court denied the motion by Bud's.
Bud's appealed to the Alabama Supreme Court, which transferred the case to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
On appeal Bud's argues that the trial court erred in denying its Batson v. Kentucky challenge, thus, it argues, denying its right to a trial by a fair and impartial jury. Bud's also argues that the trial court erred in failing to grant its motion for a JML, a motion based on its arguments that it owed no duty to Smith and that the wheelchair had been an open and obvious hazard.
While we recognize that the initial motion filed by Bud's was styled as one for a "judgment on the pleadings," we conclude that in substance that motion was a motion for a JML pursuant to Rule 50, Ala.R.Civ.P. "The substance of a motion and not its style determines what kind of motion it is." Evans v. Waddell,689 So.2d 23, 26 (Ala. 1997) (citing Cannon v. State Farm Mut. Auto. Ins.Co., 590 So.2d 191 (Ala. 1991)). Bud's timely filed a renewed motion for a JML on March 15, 1999.
Initially, we note:
 "`"The standard of review applicable to a motion for directed verdict or judgment notwithstanding the verdict [now, preverdict and postverdict motions for a judgment as a matter of law] is identical to the standard used by the trial court in granting or denying the motions initially. Thus, when reviewing the trial court's ruling on either motion, we determine whether there was sufficient evidence to produce a conflict warranting jury consideration. And, like the trial *Page 222 
court, we must view any evidence most favorably to the non-movant."'"
Delaney's, Inc. v. State, [Ms. 2971348, July 2, 1999] ___ So.2d ___, ___ (Ala.Civ.App. 1999) (citing GlenlakesRealty Co. v. Norwood, 721 So.2d 174, 177 (Ala. 1998)).
The record establishes that Smith was a business invitee at the Bud's store. The duty owed to an invitee was clearly stated by the Alabama Supreme Court in Ex parte Mountain Top Indoor FleaMarket, Inc., 699 So.2d 158 (Ala. 1997):
 "`The duty owed to an invitee "is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care."'"
699 So.2d at 161 (citations omitted). Furthermore, in order to prevail on a premises-liability claim,
 "`[the plaintiff] must prove that her fall resulted from a defect or instrumentality located on the premises, that the fall was a result of the defendants' negligence, and that the defendants had or should have had notice of the defect or instrumentality before the accident."'"
Paige v. Wal-Mart Stores, Inc., 638 So.2d 4, 5 (Ala.Civ.App. 1994) (citation omitted).
Smith testified that upon her previous visits to the Bud's store she had noticed the wheelchair, which she says caused her to trip and fall, and had noticed that it was located at the entrance to the store. Smith also testified that the reason she did not see the wheelchair located by the exit before tripping on it on the date of her fall was that she was paying attention to her grandson, whom she was carrying in her arms, and was looking toward the exit door. On cross-examination, Smith's deposition testimony was introduced. It indicated that she had previously testified that the reason she did not see the wheelchair was that she was talking to her daughter. Smith further testified that nothing had blocked her view of the wheelchair, and she stated that if she had looked at the wheelchair she would have seen it.
The record contains no evidence indicating that the wheelchair positioned near the exit door was a hazard or a hidden defect. The record also does not indicate that Bud's had actual or constructive notice that the location of the wheelchair near the exit door with the footrest protruding into the exit route was such a hazard or hidden defect that it could give rise to a duty to warn customers. Furthermore, no evidence suggests that Bud's failed to use reasonable care in maintaining the premises in a reasonably safe condition. The mere fact that the wheelchair was usually kept at the entrance, rather than at the exit, does not make its relocation a hazard or a hidden defect. In addition, this fact alone does not support an inference that Bud's was negligent in maintaining its premises.
Our supreme court has held that "`the owner of [business] premises . . . is not an insurer of the safety of his invitees.'"Ex parte Mountain Top Indoor Flea Market, 699 So.2d at 161 (citation omitted). Additionally, "[n]o presumption of negligence arises from the mere fact of injury to the customer." Hose v.Winn Dixie Montgomery, Inc., 658 So.2d 403, 404 (Ala. 1995).
"[A] landowner is not liable to invitees for harm caused to them by any activity or condition on the land whose danger is known or obvious to them." Hartzog v. Compass Bank,686 So.2d 325, 326-27 (Ala.Civ.App. 1996) (citing Boyd v. Sears Roebuck Co., 642 So.2d 949 (Ala. 1994)). This court in Hartzog went on to state, in regard to the facts of a slip-and-fall case, that for "a condition to be `obvious,' the condition and the risk must be apparent to, *Page 223 
and of the type that would be recognized by, a reasonable person in the position of the invitee." Id. at 327 (citing Sheltonv. Boston Financial, Inc., 638 So.2d 824 (Ala. 1994)).
We conclude, from our review of the record and viewing the evidence in a light most favorable to Smith, the wheelchair's relocation from its "usual place" at the entrance of the Bud's store, to the exit, does not constitute a hidden "defect." Furthermore, we conclude that the record establishes that Smith was distracted either by her grandson or by her daughter at the time of her fall, and that had she been exercising ordinary care she would have seen the wheelchair and would have avoided the fall.
The trial court erred in denying the motions by Bud's for a preverdict or a postverdict JML on Smith's claims. Therefore, we reverse the judgment based on the jury's verdict and remand the case for the entry of a judgment consistent with this opinion.
Because we conclude that the trial court should have granted Bud's motion for a JML, we pretermit any discussion regarding the trial court's ruling on the motion made pursuant to Batson v.Kentucky, 476 U.S. 79 (1986).
REVERSED AND REMANDED.
YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result.
[1] At that time the parties stipulated that the claim alleging wantonness and seeking punitive damages was dismissed.
[2] We note that effective October 1, 1995, Rule 50, Ala.R.Civ.P., was amended so as to rename the motion for a directed verdict and the motion for a judgment notwithstanding the verdict as motions for a judgment as a matter of law ("JML").