STEAGALL, Justice.
Plaintiff, J.R. Benson, appeals a summary judgment entered for defendants, the City of Tuscumbia and William M. Orman and Mary Jo Orman, doing business as Cold Water Accents, in an action alleging negligent maintenance of a sidewalk.
The facts of this case are not in dispute. On January 9, 1988, the City of Tuscumbia was covered with snow and ice. Benson was in Tuscumbia to pick up his wife from work, and he parked approximately one block from where he was to meet her. He then walked down Fifth Street in a westerly direction to the corner of Fifth Street and Main Street. He passed Cold Water Accents, which had an old bathtub on the sidewalk in front of it. At the corner of Fifth Street and Main Street, Benson met his wife. They then proceeded in an easterly direction, retracing Benson’s path on Fifth Street. As Benson passed Cold Water Accents, he lost his balance on the snow or ice and fell, striking the bathtub.
Benson alleged against the City of Tus-cumbia negligent maintenance of the sidewalk and against the Ormans negligent maintenance of that portion of the sidewalk in front of Cold Water Accents. Specifically, Benson alleged that the defendants had negligently failed to clear the ice from the public sidewalk, so that it was not reasonably safe for walking. Benson amended his original complaint to allege that the City of Tuscumbia owed a duty to keep the public sidewalks reasonably clear for safe *110 travel and that the city’s failure to remove the bathtub from the sidewalk constituted a breach of that duty. After a hearing, the trial court granted defendants’ motion for summary judgment.
On appeal, Benson argues that the trial court erred in concluding that the City of Tuscumbia and the Ormans did not have a duty to maintain the sidewalk that abuts Cold Water Accents in a reasonably safe manner and that the trial court erred in utilizing the doctrine of contributory negligence in entering summary judgment. Specifically, Benson argues only that the City of Tuscumbia and the Ormans were negligent in the placement of the tub on the sidewalk and in their failure to remove it. Benson makes no argument concerning the City of Tuscumbia’s and/or the Or-mans’ duty to remove snow or ice from the sidewalk.
This action was commenced after June 11,1987; therefore, the applicable standard of review is the “substantial evidence” rule. See Ala.Code 1975, § 12-21-12.
A city’s responsibility with respect to the maintenance of its streets and sidewalks has been set forth by this Court:
“ ‘In general terms, the liability of a municipality in a suit of this kind is governed by the duty and obligation to exercise ordinary and reasonable care to keep its streets and sidewalks in a reasonably safe condition for travel. This imposition does not make the municipality a guarantor of the safe and unharmed travel to the public. The duty is based on the responsibility and accountability of the city to remedy such defects upon receiving actual notice, or after the same [have] remained for such length of time and under such conditions and circumstances that the law will infer that the defect ought to have been discovered and remedied.’ ”
City of Tallassee v. Harris, 431 So.2d 1177, 1181 (Ala.1983) (citations omitted). In Harris, this Court quoted with approval the trial court’s charge to the jury regarding the duty imposed on a city to make its streets, sidewalks, and public ways reasonably safe for public travel:
“ ‘The defendant [City] at the time of the occurrence complained of, [has] the legal duty and obligation to exercise ordinary and reasonable care to keep and maintain its streets; sidewalks and public ways in a reasonably safe condition for travel by the public. For a negligent failure to fulfill this duty, the defendant would be liable for any injury or damage proximately caused by that negligence. The duty of the City to use due care to keep its streets, alleys and public ways reasonably safe for ordinary travel is not controlled by the manner in which the defect arose or by whom it was created. However, the defendant is not an insurer of the safety of the plaintiffs, but is only liable for injuries or damages proximately resulting from negligence on the part of the city....’”
431 So.3d at 1183.
Here, notwithstanding whether the tub constitutes a defect[1] in the sidewalk, it is undisputed that there was no causal relationship between the tub’s presence on the sidewalk and Benson’s fall. Benson’s testimony was that the proximate cause of his fall was the snow or ice on the sidewalk.
“In reviewing a summary judgment, we must determine whether there exists any genuine issue of material fact and, if not, whether the substantive law was correctly applied to undisputed facts.”
Watts Construction Co. v. Cullman County, 382 So.2d 520, 522 (Ala.1980). Where, as here, the facts are not in dispute, a question of law is presented, to be decided by the trial court. Kitchens v. Winn-Dixie Montgomery, Inc., 456 So.2d 45, 47 (Ala.1984). Whatever the judge’s reason for entering the summary judgment may have been, the summary judgment was proper, for the reasons hereinabove set out.
*111 The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and HOUSTON, JJ., concur.

. A defect is "anything that may reasonably be expected to interfere with the safe use of a sidewalk by pedestrians." Johnson v. City of Opelika, 260 Ala. 551, 554, 71 So.2d 793, 795 (1954).