The plaintiffs, Mary Mann and Luther G. Mann, Sr., appeal from a summary judgment in favor of the defendant, Joe Smith, who was sued individually and doing business as Nan's Ruffled Curtains, ABC (hereinafter "Smith"). Plaintiff Mary Mann was injured when she slipped and fell while on Smith's premises.
On August 13, 1987, during a steady, "misty" rain, Mary Mann stopped at a roadside drapery boutique owned by Smith. After browsing through the store, she left by the same door through which she had entered. As she was descending the steps, she slipped and fell onto the pavement outside the building.
On December 9, 1988, Mary and her husband, Luther Mann, filed suit against Smith, seeking damages for injuries Mary had received in the fall. Mr. Mann filed a claim for loss of consortium as a result of his wife's injury. The Manns alleged that Smith had negligently caused or allowed a hazardous and dangerous condition to exist on his premises. In particular, they asserted that Mrs. Mann's fall was caused by an unreasonably dangerous condition created by the physical structure of the concrete steps leading into and out of Smith's business.
Smith moved for summary judgment, offering in support of his motion the depositions of the parties. In opposition to Smith's motion, the Manns presented the affidavit of Louis B. Trucks, an engineer. Trucks's affidavit stated that the steps leading to the entrance of the building were unreasonably dangerous because of their physical structure and geometric shape.
The trial court entered summary judgment for the defendant on August 2, 1989. This appeal followed.
Mrs. Mann was a business invitee on Smith's premises at the time of her accident. Because she was a business invitee, Smith owed her a duty to exercise reasonable care in maintaining his premises in a reasonably safe condition. In Quillen v. Quillen,388 So.2d 985 (Ala. 1980), we clearly expressed the standards applicable to the duty owed an invitee:
 "In the definitive case of Lamson Sessions Bolt Co. v. McCarty, 234 Ala. 60, 173 So. 388 (1937), this Court discussed at length the duty owed by a landowner to an invitee. At 234 Ala. 63, 173 So. 391, the Court held:
 " 'This court is firmly committed to the proposition that the occupant of premises is bound to use reasonable care and diligence to keep the premises in a safe condition for the access of persons who come thereon by his invitation, expressed or implied, for the transaction of business, or for any other purpose beneficial to him; or, if his premises are in any respect dangerous, he must give such visitors sufficient warning of the danger to enable them, by the use of ordinary care, to avoid it. Geis v. Tennessee Coal, Iron R.R. Co., 143 Ala. 299, 39 So. 301 [(1904)].
 " 'This rule . . . includes (a) the duty to warn an invitee of danger, of which he knows, or ought to know, and of which the invitee is ignorant; and (b) the duty to use reasonable care to have the premises to which he is invited in a reasonably safe condition for such contemplated uses, and within the contemplated invitation.'
 "Therefore, as a general rule, an invitor will not be liable for injuries to an invitee resulting from a danger which was known to the invitee or should have been observed by the invitee in the exercise of reasonable care. As stated by the Court in Lamson Sessions Bolt Co., supra, at 234 Ala. 63, 173 So. 391:
 " 'In 45 C.J. § 244, p. 837, the rule is thus stated: "The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee *Page 1114 
assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care.'
 "Accord, McRee v. Woodward Iron Co., 279 Ala. 88, 182 So.2d 209 (1966); Claybrooke v. Bently, 260 Ala. 678, 72 So.2d 412 (1954). The entire basis of an invitor's liability rests upon his superior knowledge of the danger which causes the invitee's injuries. Gray v. Mobile Greyhound Park, Ltd., 370 So.2d 1384 (Ala. 1979); Tice v. Tice, 361 So.2d 1051 (Ala. 1978). Therefore, if that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable."
388 So.2d at 989.
The Manns have established sufficient evidence from which a jury could find that a defect existed in the steps leading to and from Smith's business. The evidence indicates that the steps at Smith's business were constructed of concrete and had been painted. Some of the steps were approximately five and one-half feet wide and two of the steps rose six inches high. The top step was not level with the door jamb, but was slightly below the jamb so that someone entering the store had to step from the top step up to enter the store. The first step at the bottom was 16 inches deep and the top step was 6 inches deep.
Smith argues that the steps were not defective; however, he argues that if the steps were defective, the defect was open and obvious to Mrs. Mann, and that she had either seen it, or, in the exercise of reasonable care, should have seen it.
The facts of Bogue v. R M Grocery, 553 So.2d 545 (Ala. 1989), are strikingly similar to those in this case. In Bogue, the plaintiff was injured when she slipped and fell as she was leaving the defendant's place of business, a grocery store; she contended that her fall was caused by a significant drop in elevation from the doorway to the parking lot. In reversing a summary judgment for the defendant, we noted that the plaintiff had established evidence from which a jury could find that a defect existed in the ramp or slanting structure at the door of the grocery store. We noted in that case that once it has been determined that the duty owed to an invitee has been breached, questions such as contributory negligence, assumption of the risk, and whether the plaintiff should have been aware of the defect are normally questions for the jury. Id. See also Terryv. Life Insurance Co. of Georgia, 551 So.2d 385 (Ala. 1989).
The Manns have established evidence from which a jury could find that a defect existed in the steps. Accordingly, we reverse the judgment of the trial court and remand the cause.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES and ALMON, JJ., concur.
MADDOX, J., concurs specially.