Leal Stephens filed an action against the City of Montgomery (the "City"), alleging negligent or wanton misconduct in the maintenance of a sidewalk, on which Leal allegedly fell and injured her wrist and hand; Leal's husband Robert joined her action, seeking damages for loss of companionship and wages lost while he cared for Leal's injuries. The City moved for summary judgment, which the trial court entered, because, it said, "the plaintiffs have not adduced substantial evidence of the defect that caused Leal Stephens to trip and fall." The Stephenses appeal.
In Benson v. City of Tuscumbia, 553 So.2d 109 (Ala. 1989), we addressed a city's responsibility with respect to the maintenance of its streets and sidewalks:
 " 'In general terms, the liability of a municipality in a suit of this kind is governed by the duty and obligation to exercise ordinary and reasonable care to keep its streets and sidewalks in a reasonably safe condition for travel. This imposition does not make the municipality a guarantor of the safe and unharmed travel to the public.' "
553 So.2d at 110, quoting City of Tallassee v. Harris,431 So.2d 1177, 1181 (Ala. 1983) (citations omitted). The City does not dispute its duty to Leal. Instead, it seems to argue that Leal did not produce substantial evidence that a defect in the sidewalk proximately caused her to fall.
The record indicates that Leal tripped and fell while walking on Molton Street in Montgomery. She was taking a break from her job, and she had changed into tennis shoes to walk. Leal was not looking down at the sidewalk at the instant she tripped and fell. She does not know exactly what she tripped over, although she states, "I tripped on the sidewalk." The City contends that by this statement she was describing where she fell rather than stating what had caused her fall.
Gerald Jackson, an employee at the business where Leal works, testified in deposition that he happened to be near Leal when the accident occurred. He said he did not see her fall, but did see her immediately after she had fallen and while she was lying on the sidewalk. According to his testimony, he determined where he thought she had fallen, based on where she was lying after she fell. Jackson further testified that the sidewalk at the point where he calculates that she fell was "uneven," that is, according to his testimony, one portion *Page 1097 
of the sidewalk at that point was approximately one inch higher than another portion. Furthermore, Jackson testified, "There was nothing else around to cause [the fall]."
The standard used to determine the propriety of a summary judgment is found in Rule 56(c), A.R.Civ.P.:
 "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."
The burdens placed on the parties by this rule have often been described:
 "The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala. 1977); Shades Ridge Holding Co. v. Cobbs, Allen Hall Mortg. Co., 390 So.2d 601
(Ala. 1980); Fulton v. Advertiser Co., 388 So.2d 533
(Ala. 1980)."
Schoen v. Gulledge, 481 So.2d 1094, 1096-97 (Ala. 1985).
In determining whether there is substantial evidence to defeat a summary judgment motion, this Court reviews the evidence in the light most favorable to the nonmovant and resolves all reasonable doubts against the movant. Sanders v.Kirkland Co., 510 So.2d 138 (Ala. 1987).
We find that the City made a prima facie showing that there was no genuine issue of material fact, thereby shifting the burden to Leal and Robert to produce evidence creating genuine issues of material fact. We further find, considering, as we must, the evidence in the light most favorable to Leal and Robert, that they did produce evidence that a defect in the sidewalk caused Leal to fall. That evidence creates a genuine issue of material fact, suitable for jury determination, and precludes summary judgment. The trial court erred when it held that Leal and Robert did not produce sufficient evidence of the defect that caused Leal to fall.
The judgment is due to be, and it is hereby, reversed, and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ. concur.