ALMON, Justice.
The plaintiff, Charlotte Gilley, as adminis-tratrix of the estate of her deceased husband, Randy Lee Gilley, and the estate of Robert Benjamin Gibson, deceased,[1] appeals from a *573 summary judgment in favor of the defendants, Robert J. Barnett and the Housing Authority of the City of Dothan. In her complaint, Gilley alleged that the defendants negligently or wantonly failed to maintain or inspect a smoke alarm system in an apartment rented by Barnett to Betty Hutchins or to warn of the danger existing without a properly working smoke alarm system. Barnett rented the apartment to Hutchins under a housing assistance program administered locally by the Housing Authority. The issue is whether Gilley presented substantial evidence that Barnett and the Housing Authority had an ongoing duty to inspect the smoke detector in Hutchins’s apartment to determine if it had a working battery.
Under the “Housing Assistance Payments Contract,” which certified Barnett’s premises for housing assistance payments, the Housing Authority reserved the right to inspect the owner’s premises. Before Barnett’s rental property could be certified by the Housing Authority, it had to meet the requirements of a housing program inspection checklist promulgated by the U.S. Department of Housing and Urban Development (“HUD”). On June 21, 1989, in preparation for a renewal of Hutchins’s lease, a HUD inspector inspected the apartment. The premises failed to pass this inspection, for the following reasons as noted on the inspection form:
“1. All heaters need repair
“2. Smoke alarm needs battery — (tenant)
“3. House is filthy, needs cleaning — (tenant)”
On June 29, 1989, Betty Hutchins signed a form verifying that a smoke detector had been installed and was in working condition. Her signature was verified by the inspector, who also signed the form. The inspector returned on August 81, 1989, and approved the premises, finding that all the repairs had been performed.
On March 1, 1990, Randy Gilley and Robert Gibson were in Hutchins’s apartment when it caught fire at 9:00 p.m. Gilley and Gibson died in the fire. They had been drinking heavily, and Charlotte Gilley testified in deposition that officials of the Dothan Fire Department concluded that the fire was caused when one of the two men fell asleep while smoking a cigarette. The report completed by the fire department indicated that the smoke detector in the apartment was not operating at the time of the fire because its battery was dead.
The circuit court entered a summary judgment for the defendants because “the undisputed evidence shows that the tenant had exclusive responsibility to replace any defective smoke alarm batteries.”
A summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P. When the moving party makes such a showing, the burden shifts to the non-moving party to show by substantial evidence that an issue of fact does exist. Ala.Code 1975, § 12-21-12; Specialty Container Mfg., Inc. v. Rusken Packaging, Inc., 572 So.2d 403 (Ala.1990). The court views the evidence in the light most favorable to the non-moving party. Stephens v. City of Montgomery, 575 So.2d 1095, 1097 (Ala.1991).
Gilley asserts that language in the “Assisted Lease Arrangement” between Hutchins and Barnett shows that Barnett contractually assumed the duty to maintain the smoke detector and keep working batteries in the smoke detector. Gilley also asserts that under the Housing Assistance Payments Contract between the Housjng Authority and Barnett, the Housing Authority had the duty to ensure that Barnett performed the obligation he assumed under the contract to maintain the premises. The Assisted Lease Agreement provides in pertinent part:
“The Landlord shall maintain the dwelling unit and all equipment therewith, as well as common areas, facilities and equipment provided for the use and benefit of the Tenant in compliance with the Housing Quality standards on the basis of which this lease was approved by the Public Housing Agency.”
The Assisted Lease Agreement, however, does not indicate whether Barnett’s duty to maintain the premises and all equipment therein encompassed replacing dead batteries in smoke detectors. Although the Hous *574 ing Assistance Payments Contract refers generally to the “Housing Quality Standards” contained in 24 C.F.R. § 882.109, none of these standards regulates the maintenance of smoke detectors.
“[The] construction which the parties have placed on the agreement and which they themselves have practiced in and about its performance, will ordinarily be accepted by the courts as a correct one.” Marcrum v. Embry, 291 Ala. 400, 405, 282 So.2d 49, 53 (1973). The HUD inspector noted that the smoke alarm battery was the tenant’s responsibility, just as he noted that cleaning the apartment was her responsibility. Eight days later, Hutchins signed a form stating that the alarm was in working condition. There is no evidence that Barnett replaced the battery, and the evidence supports the conclusion that Hutchins replaced the battery and that the HUD inspector verified that fact.
Gilley failed to present substantial evidence that Barnett had a duty to replace dead batteries in the smoke alarm of the leased premises or that the Housing Authority had a duty to inspect and ensure that Barnett did so. Therefore, the circuit court correctly entered a summary judgment in favor of Barnett and the Housing Authority.
AFFIRMED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.

. Gibson was not related to either Charlotte Gil-ley or Randy Gilley. At the time of the fire that killed Gibson and Randy Gilley, Gibson was Iiv-ing with the Gilleys until he could rent an apartment of his own. Charlotte Gilley was appointed *573 administratrix of Gibson’s estate as well as of her husband's.