THIGPEN, Judge.
In January 1994, James Thomas Robison III, a minor, filed a complaint, by and through his father and next friend, James Thomas Robison, Jr., against Don Gantt and the Portside Condominium Owners’ Association (collectively referred to hereinafter as owners). Robison sought damages resulting from a snakebite that he had received in the swimming pool area of the owners’ property. Robison alleged, among other things, that as a result of the snakebite, in addition to incurring medical expenses, he had suffered, and would continue to suffer, great pain, mental anguish, and impairment, and that he would continue to incur medical expenses. The owners denied the allegations of Robison’s complaint and asserted that Robison had failed to state a claim upon which relief could be granted.
In August 1994, the owners filed a motion for a summary judgment, contending that there was no genuine issue of material fact, and that they were entitled to a judgment as a matter of law. In support of the motion, they attached a brief and excerpts from depositions. Among other things, the owners asserted that they had had no knowledge that a snake was on the premises. Robison filed a brief in opposition to the motion for summary judgment.
In January 1995, the trial court entered a summary judgment for the owners. Robison appealed to the Supreme Court, which transferred the case to this court, pursuant to Ala.Code 1975, § 12-2-7.
The record reveals that in July 1992, Robi-son was vacationing with his parents at the Portside Condominiums in Orange Beach, Alabama, in a rented condominium unit owned by Don Gantt. While playing in the area near the pool, Robison was bitten on the hand by a water moccasin.
The law regarding a summary judgment motion is well established. Such a motion tests the sufficiency of the evidence and should be granted when the trial court determines that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The moving party bears the burden of negating the existence of a genuine issue of material fact. Melton v. Perry County Board of Education, 562 So.2d 1341 (Ala.Civ.App.1990).
“In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present ‘substantial evidence’ creating a genuine issue of material fact — ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’”
Capital Alliance Insurance Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala.1994) (citations omitted). Additionally, no presumption of correctness attaches to the trial court’s decision, and this court’s review is de novo. Lacey v. American Shell Co., 628 So.2d 684 (Ala.Civ.App.1993).
Robison contends that the summary judgment was improper because the owners *443 knew, or should have known, that snakes were present in the river only 20 feet away from the pool area and on property adjacent to the condominium. Robison argues that, given his status as an invitee, the owners had breached their duty by failing to take reasonable steps to make the property reasonably safe and/or failing to warn him of known dangers. Robison also argues that whether the owners were negligent and breached their duty by failing to take reasonable precautions to reduce the likelihood that snakes would be present in the pool area, and whether they had failed to adequately warn of this possibility are questions that should be considered by a jury. He argues, citing Yamaha Motor Co., Ltd. v. Thornton, 579 So.2d 619 (Ala.1991), that where facts are such that different inferences and conclusions may be reasonably drawn, the question of liability must be left to the jury. Robison further argues that the owners acted willfully and wantonly in allowing small children to play in an area located only 20 feet from a river containing snakes, without taking reasonable precautions or warning of the danger.
The duty owed to a person on the property of another depends on whether that person is classified as an invitee, a licensee, or a trespasser. An invitee is one who comes onto the premises of the landowner with the landowner’s consent for a purpose that materially or commercially benefits the owner. Boyd v. Sears Roebuck & Co., 642 So.2d 949 (Ala.1994). Robison, whose family was renting the condominium unit, was clearly an invitee.
Regarding the issue of landowner liability, as it pertains to an invitee, our Supreme Court has held:
“The duty owed to an invitee ‘is limited to [protecting the invitee from] hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care.’ However, ‘[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.’
In order for a condition to be ‘known’ to a person, that person ‘must be aware of the existence of the condition and must appreciate the danger it involves.’ ”
Boyd, 642 So.2d at 950. (Citations omitted.) A landowner is not an insurer of an invitee’s safety, and the landowner will be liable only if it failed to exercise “reasonable care in maintaining its premises in a reasonably safe manner.” Mills v. Bruno’s, Inc., 641 So.2d 777, 778 (Ala.1994). Furthermore, no presumption of negligence arises from the mere fact that an invitee is injured. Norris v. Wal-Mart Stores, Inc., 628 So.2d 475 (Ala. 1993).
We have found no Alabama cases directly addressing a landowner’s liability for an invitee’s injury resulting from a snakebite or harm inflicted by other wild animals beyond the control of the landowner. Therefore, we have looked to other jurisdictions which have addressed similar fact situations. In a Louisiana ease where a patron was bitten by a snake in the landowner’s parking lot, an appellate court affirmed a summary judgment for the landowner and stated that “there was no showing that the defendant knew or should have known of the existence of the snake or that the risk to patrons in its parking lot of being bitten by snakes was a foreseeable risk” and noted that there were no prior reports of snakes in that area. Bradford v. Louisiana Downs, Inc., 606 So.2d 1370, 1375 (La.App.1992). In a Texas case in which a customer in a grocery store was bitten by a snake while shopping, the court stated:
“[s]ince the possessor is not an insurer of the safety of his business guests, he is under no duty to exercise such care until he knows or has reason to know that the dangerous acts by wild animals are occurring or about to occur.
“There is no evidence that defendant, or any of its employees, knew of the presence of the snake in the store.”
Overstreet v. Gibson Product Co. of Del Rio, 558 S.W.2d 58, 61 (Tex.Civ.App.1977).
In order to prevail on a motion for summary judgment, the owners were required to make a prima facie showing that there was *444 no genuine issue of any material fact, and that they were entitled to a judgment as a matter of law. Excerpts of depositions were submitted in support of the motion. Barney E. Champion, president of the Owners’ Association, testified that before the incident, he had never seen or heard any reports concerning water moccasins on the premises. He also stated that, although he expected snakes to be found in the nearby river area, he did not expect snakes to be found in the high-traffic area around the pool.
Gantt testified that he understood that there was no danger of poisonous snakes in saltwater, and that before this incident, no one had ever seen or reported any snakes being on the premises. Similarly, Howard Anunson, treasurer of the Owners’ Association, testified that he had never seen a water moccasin on the condominium property, and that, so far as he knew, nobody else had ever seen a snake on the condominium property.
Robison’s parents both testified that they had rented a unit at Portside Condominiums on three or four occasions and that they had never seen or heard of, or had any reason to suspect that there were, snakes in the area. The father also stated that he would not expect to see snakes in the river located behind the condominiums or in the two adjacent vacant lots.
Robison, citing May v. Moore, 424 So.2d 596 (Ala.1982), also contends that one could infer that the owners’ failure to produce minutes from the Board or the Owners’ Association meetings for the year preceding the injury indicates that the minutes contained incriminating evidence that would indicate their negligence. The owners argue that the names of all condominium owners and board members were provided to Robison and that he could have deposed each and every one of them if he had chosen to do so. There is simply no evidence in the record to indicate that the owners intentionally discarded any minutes to conceal incriminating evidence. Therefore, this argument is without merit.
The evidence indicates merely that while the owners knew that there was a possibility that snakes might be present in the area near the condominium, they were not aware that a snake was on the condominium property until after Robison’s injury. Robison simply failed to present substantial evidence to rebut the owners’ showing, and Robison failed to present evidence that the owners knew, or had reason to believe, that a snake was present on condominium property in the pool area. Robison’s claim for damages based on negligence or wanton or willful conduct by the owners must fail. The owners were entitled to a judgment as a matter of law.
For the foregoing reasons, the summary judgment in favor of the owners is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
MONROE, J., dissents.