On December 12, 1994, Vivian Howard tripped and fell on a raised concrete porch, or sidewalk, in front of Andy's Store for Men ("Andy's"). She sued the store and Andy Weems, its owner,[1] alleging that negligence or wantonness on their part had proximately caused her to suffer permanent injuries. Andy's answered, alleging, among other things, that any defect in the premises was an open and obvious one that Howard should have seen and taken care to avoid. The trial court entered a summary judgment for Andy's. Howard appealed to the Alabama Supreme Court. That court transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
Viewed in the light most favorable to Howard, the evidence tended to show the following: The porch or sidewalk on which Howard fell is a white concrete pad running the length of the Andy's storefront. It is one to two inches higher than the surface of the adjoining asphalt parking lot. Howard was not a first-time customer at Andy's on the day she fell; she had made between two and five previous trips to the store. On the day she fell, it was daylight; the weather was clear; and there were no obstructions to her vision. There had been no other falls on the premises.
In opposition to Andy's motion for a summary judgment, Howard submitted the testimony of Dr. Ollie L. Vance. Dr. Vance has a doctorate in mechanical engineering and is a former faculty member at the University of Alabama in Birmingham. He said that he had investigated trip-and-fall accidents for 8 to 10 years and had *Page 1210 
frequently testified as an expert witness in cases involving such accidents. Dr. Vance gave his opinion that any change in elevation greater than 1/2 inch is a "toe-catcher" and presents a tripping hazard. Dr. Vance stated that his conclusions in this case were based upon the "guidance provided regarding trip-and-fall hazards in the American National Standards Institute [`ANSI']" handbook. Vance acknowledged that the ANSI standards on which he relied were voluntary, did not have the force of law, and were not mandated by any building code applicable to this case.
Dr. Vance testified that, although anyone who was looking for it would notice the change in elevation between the parking lot and the sidewalk, the irregularity was one that "the casual observer may or may not appreciate [because] there is nothing to call. . . attention to it." In addition, he testified that, because the black asphalt of the parking lot had been splashed up against the vertical edge of the white concrete, the height irregularity between the two surfaces was even less noticeable than it might otherwise have been. He also gave his opinion that the striping of the parking lot tended to suggest a walkway that would lead a pedestrian directly to the point of the tripping hazard. He stated that the hazard could have been eliminated or minimized by painting the vertical edge of the sidewalk yellow.
Howard was a business invitee at Andy's. Thus, Andy's owed her the duty to maintain its premises in a reasonably safe condition or, in the case of any hidden defect, to warn her of the defect so that she could avoid it by the use of ordinary care.See Boudousquie v. Marriott Management Services Corp.,669 So.2d 998, 1000 (Ala.Civ.App. 1995). Andy's, however, had no duty to warn Howard of any condition that was open and obvious, one that Howard was aware of or should have been aware of through the use of reasonable care. See Ex parte Mountain Top Indoor Flea Market,Inc., 699 So.2d 158 (Ala. 1997). A condition is "obvious" if the risk is apparent to, and of the kind that would be recognized by, a reasonable person in the position of the invitee. Hartzog v.Compass Bank, 686 So.2d 325 (Ala.Civ.App. 1996). A condition is "known" if the invitee is aware of the existence of the condition and appreciates the danger it involves. Id.
 "In [a] slip and fall case, a plaintiff not only must make a prima facie showing that her fall was caused by a defect or instrumentality. . . located on the premises, but she must also present prima facie evidence that the defendant had or should have had notice of the defect or instrumentality at the time of the accident. On the other hand, in cases where the alleged defect is part of the premises. . . , once a plaintiff has made a prima facie showing that a defect in a part of the premises has caused an injury, then the question whether the defendant had actual or constructive notice of the defect will go to the jury, regardless of whether the plaintiff makes a prima facie showing that the defendant had or should have had notice of the defect at the time of the accident."
Mims v. Jack's Restaurant, 565 So.2d 609, 610
(Ala. 1990) (citations omitted).
The trial court apparently concluded either that the elevation of the sidewalk over the parking lot was not an unreasonably dangerous defect, as a matter of law, or that the elevation was open and obvious, as a matter of law, or both. The trial court's judgment states:
 "In the line of cases cited by [Howard], the alleged defects were shown to have been known or created by the invitor/owner, in breach of building codes, were not located in such a manner as any danger would have been reasonably appreciated by the invitee, or were created by the lack of proper maintenance or care on the part of the invitor/owner. . . . The facts of this case are distinguishable for several reasons. No evidence has been shown to indicate that [Andy's] knew or should have known *Page 1211 
that the sidewalk/parking area at the premises might be a defect or `tripping hazard.' The evidence before the Court is that there were no prior falls. There has been presented no evidence that the area of the premises where [Howard's] fall occurred [is] in violation of any applicable building codes. [Howard's] fall was not caused by improper care or maintenance on the part of [Andy's]. The area where [Howard] fell was not hidden from [Howard] or the general public and there were no distractions or other circumstances to make the sidewalk/parking area undiscernible to [Howard]."
(Emphasis in original.)
If the trial court determined that the alleged defect was open and obvious as a matter of law, then the judgment was, in that respect, erroneous. The question whether a danger is open and obvious is generally one of fact. Harris v. FlagstarEnterprises, Inc., 685 So.2d 760, 762-63 (Ala.Civ.App. 1996). "[T]he plaintiff's appreciation of the danger is, almost always, a question of fact for the determination of the jury." F.W.Woolworth Co. v. Bradbury, 273 Ala. 392, 394, 140 So.2d 824,825-26 (1962). Howard's testimony that she did not see the height irregularity and Dr. Vance's testimony that the casual observer would be unlikely to appreciate the danger of the irregularity presented a jury question as to whether the alleged defect was open and obvious.
If the trial court determined that, as a matter of law, the height variation between the parking lot and the sidewalk was not an unreasonably dangerous defect, then the judgment was, in that respect, also erroneous. Although the trial court's determination is supported by some authority from other jurisdictions, see, e.g., Hartung v. Maple Inv. Dev. Corp.,243 Ill. App.3d 811, 612 N.E.2d 885 (1993), it is not grounded in the Alabama law of premises liability.
In Illinois, a trip-and-fall plaintiff alleging that his or her injuries were caused by a height variation in a sidewalk or curb must show that the irregularity was more than a "de minimis" defect. See Hartung, 243 Ill. App.3d at 815, 612 N.E.2d at 888
(stating that an "actionable `stumbling' point seems to be where the defect approaches two inches"). In Louisiana, New York, and Ohio, the courts have held that although "there is no `minimal dimension test' or per se rule that a defect must be of a certain minimum height or depth to be actionable," Trincere v. County ofSuffolk, 90 N.Y.2d 976, 976, 665 N.Y.S.2d 615, 616 (1997), some sidewalk defects are so trivial, in light of all the surrounding circumstances, that the premises owner is relieved of liability as a matter of law, see Boyle v. Board of Supervisors,685 So.2d 1080 (La. 1997); Cash v. City of Cincinnati, 66 Ohio St.2d 319,421 N.E.2d 1275 (1981); Helms v. American Legion, Inc., 5 Ohio St.2d 60,213 N.E.2d 734 (1966).
In Alabama, however, whether an elevation irregularity in a sidewalk, curb, or threshold constitutes an unreasonably dangerous condition or defect has, so far as we are able to tell, always been held to be an issue of fact when the plaintiff has presented evidence indicating that the irregularity creates a danger. See, e.g., Stephens v. City of Montgomery,575 So.2d 1095 (Ala. 1991); Mann v. Smith, 561 So.2d 1112 (Ala. 1990);Bogue v. R M Grocery, 553 So.2d 545 (Ala. 1989); Waits v.Crown Dodge Chrysler-Plymouth, Inc., [Ms. 2981305, December 17, 1999] ___ So.2d ___ (Ala.Civ.App. 1999); Williams v. Harold L.Martin Distrib. Co., [Ms. 2971300, May 21, 1999] ___ So.2d ___ (Ala.Civ.App. 1999); Woodward v. Health Care Auth. of the Cityof Huntsville, 727 So.2d 814 (Ala.Civ.App. 1998).
In Stephens, the supreme court reversed a summary judgment for the City in a trip-and-fall case, holding that evidence of an uneven sidewalk, in which "one portion of the sidewalk. . . was approximately one inch higher than another portion," *Page 1212 
575 So.2d at 1096, was evidence of a defect in the sidewalk and created "a genuine issue of material fact, suitable for jury determination." Id. at 1097. In Mann, the supreme court also reversed a summary judgment in favor of the premises owner. The plaintiff's expert, an engineer, testified that the steps leading into the defendant's business were defective because "[t]he top step was not level with the door jamb, but was slightly below the jamb so that someone entering the store had to step from the top step up to enter the store." 561 So.2d at 1114. The supreme court held that the plaintiffs had "established evidence from which a jury could find that a defect existed in the steps."Id.
In Bogue, the supreme court reversed a summary judgment for the private premises owner in a slip-and-fall case. It held that the plaintiff's expert, a civil engineer, had presented sufficient evidence for a jury to determine whether the plaintiff's fall was caused by a defect in the premises. The engineer had testified that the fall was caused by a drop in elevation from the doorway of the store to the parking lot.
In Waits, this court held that an architect's testimony — that the raised threshold over which the plaintiff tripped at an automobile dealer's service department was unsafe and dangerous for customers — presented "a genuine issue of material fact. . . as to whether a defect existed." ___ So.2d at ___. Similarly, in Williams, this court held that an architect's testimony that the sidewalk, curb, and ramp over which a convenience-store customer tripped was defective, "presented substantial evidence creating a question of fact for the jury: whether the sidewalk, curb, and wheelchair ramp presented a hidden defect that [the customer] could not discover in the exercise of ordinary care." ___ So.2d at ___. In Woodward, a visitor to a hospital emergency room tripped and fell on a curb in the hospital's parking garage. The plaintiff's expert testified that a "level change," combined with the nighttime lighting conditions in the parking garage, "create[d] a hazard for persons traversing on foot from the. . . parking garage to the emergency room," 727 So.2d at 817. The hospital did not argue that the place where the plaintiff fell wasnot a dangerous defect; it argued only that the defect was open and obvious. This court assumed the existence of a defect and framed the issue in terms of whether the defect was open and obvious, concluding that the expert's testimony presented a jury question as whether the defect was open and obvious.
Andy's argues (and the trial court's judgment suggests the court accepted the argument) that Dr. Vance's reliance on safety standards that are not mandated by law or incorporated into any applicable building codes undermines the validity of Dr. Vance's conclusion that the Andy's sidewalk was dangerously defective. That argument, however, presents a question of theweight to be accorded Dr. Vance's testimony, not theadmissibility of Dr. Vance's testimony. See Ex parte DiverseyCorp., 742 So.2d 1250 (Ala. 1999) (holding that a party must object to inadmissible evidence by moving to strike the evidence). Based on the Alabama caselaw previously cited, we hold that the applicability of the safety standards and the validity of Dr. Vance's conclusions based on those standards are questions for the trier of fact.
The judgment of the circuit court is reversed, and the cause is remanded.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, J., concur.
MONROE and THOMPSON, JJ., concur in the result.
[1] Howard also sued the architect who had designed the Andy's store building, the builder, the parking-lot-paving-and-striping contractor, and the concrete contractor. Howard voluntarily dismissed the architect. The trial court entered summary judgments in favor of all other defendants. Howard appeals only as to the defendant store and its owner. In this opinion, we will sometimes refer to both defendants collectively as "Andy's."
 *Page 20