I concur in affirming the summary judgment in favor of FSR because Fowler failed to present substantial evidence, in opposition to FSR's motion for a summary judgment, indicating that FSR had any obligation to maintain or repair the exterior entrances to the building. I dissent, however, from the affirmance of the summary judgment in favor of CEC.
CEC's argument that the condition that caused Fowler's fall was open and obvious is an affirmative defense, on which CEC bears the ultimate burden of proof. Denmark v. Mercantile Stores Co.,844 So.2d 1189, 1194 (Ala. 2002). "`"[Q]uestions of openness and obviousness of a defect or danger and of [an invitee's] knowledge are generally not to be resolved on a motion for summary judgment."' Harding v. Pierce Hardy Real Estate, 628 So.2d 461,463 (Ala. 1993) (quoting Harvell v. Johnson, 598 So.2d 881, 883
(Ala. 1992))." Harley v. Bruno's Supermarkets, Inc., *Page 435 888 So.2d 525, 526-27 (Ala.Civ.App. 2004). This rule is particularly applicable when, as in the present case, the defendant has taken steps to make what might otherwise be an open and obvious condition on the premises less apparent to an invitee. Cf.Howard v. Andy's Store for Men, 757 So.2d 1208 (Ala.Civ.App. 2000) (change in elevation between the parking lot and the concrete pad that formed the sidewalk fronting the store was concealed by the fact that the lip of the concrete pad had been splashed by black asphalt, causing the change in elevation to be difficult to perceive).
Joann Green, the former general manager of the Chuck E. Cheese's restaurant, testified that, in the 13 years she was with CEC, the concrete began to break up near the place where the step abutted the curb. Green said that she had repainted the step and the curb twice for "cosmetic reasons." When she repainted the area, she first swept broken concrete and other debris out of the crack between the step and the curb and then she allowed paint to seep into the crack. Green testified in deposition:
 "Q. [By counsel for CEC:] Okay. So you started at [the] Roebuck [Chuck E. Cheese's restaurant] in the late '80's?
"A. Yes.
 "Q. And, at that time, was the step the same, the same as it was in the pictures [counsel for Fowler] was showing you?
 "A. Well, like I say, in years to come — it might not have looked like that when I first started working there, but in years to come, it deteriorated down the line.
"Q. The crack became visible?
"A. Yes.
"Q. And you would paint over it?
"A. Yeah."
The main opinion distinguishes this case from Howard v. Andy'sStore for Men, supra, and other slip-and-fall cases, on the basis that "Fowler offered no expert testimony regarding the potential hazard posed by the crack in the step."921 So.2d at 433. Although it is true that the plaintiffs in many of our premises-liability cases have submitted expert testimony indicating that the claimed defects in the premises were tripping hazards, we have never held that a plaintiff is required to present expert testimony on that issue. In my judgment, the main opinion has imposed on a slip-and-fall plaintiff the more stringent burden that a plaintiff in a design-defect product-liability case must meet. Compare General Motors Corp.v. Jernigan, 883 So.2d 646, 662 (Ala. 2003) (stating that "[i]n an [Alabama Extended Manufacturer's Liability Doctrine] case, the plaintiff has the burden of proving a design defect," a burden which, more often than not, will necessitate expert testimony).
I believe that Fowler presented substantial evidence indicating that there was a genuine issue of material fact with respect to whether there was a defect in the premises and, if so, whether that defect was open and obvious; therefore, I would reverse the summary judgment in favor of CEC.