THOMAS, Judge.
Edward Miller (“Miller”), on behalf of Duncan Miller (“Duncan”), a minor, appeals from a summary judgment entered by the Jefferson Circuit Court in favor of Liberty Park Joint Venture, LLC (“Liberty Park”), in a premises-liability action. Miller’s complaint alleged that Duncan had been injured when he slipped on a clay-surfaced tennis court at the Old Overton Club, which is owned by Liberty Park, and his arm and elbow slid under the fence surrounding the tennis court. The trial court entered its summary judgment on the ground that there was no basis upon which Liberty Park could be held liable because Miller had failed to present substantial evidence demonstrating that the gap between the fence frame and the clay-surfaced tennis court was a defective condition; thus, the trial court found that there was no genuine issue of material fact and that Liberty Park was entitled to judgment as a matter of law. We agree.

Facts and Procedural History

On September 7, 2008, while playing in a United States Tennis Association tournament at the Old Overton Club, Duncan was injured. The injury occurred when he fell on a clay-surfaced tennis court while attempting a forehand shot near the corner of the court. During the fall, Duncan slipped and his left arm went underneath the fence frame causing him to suffer a dislocation/fracture of his left elbow and a torn ulna collateral ligament, requiring surgery for repair and placement of pins. Miller filed a complaint in the trial court alleging negligence claims based on a premises-liability theory on March 19, 2010.[1] In his original complaint, Miller named Old Overton Club, Inc., and numerous fictitiously named parties as defendants. Old Overton Club, Inc., filed an answer denying liability on March 26, 2010.
On April 7, 2010, Miller amended his complaint and substituted Liberty Park for fictitiously named defendant number 29. Liberty Park answered the amended complaint, denying liability and asserting numerous affirmative defenses. The parties conducted discovery. On April 13, 2010, Miller filed a motion to dismiss Old Over-ton Club, Inc., which the trial court subsequently granted on April 16, 2010.
On July 30, 2010, Miller amended his complaint a second time. In the second amended complaint, Miller added Brasfield & Gorrie, Inc. (“Brasfield & Gorrie”), and Williams Blaekstock Architects, P.C. *90 (“Williams Blackstoek”), as defendants. Brasfield & Gorrie and Williams Black-stock answered the second amended complaint, denying liability and asserting affirmative defenses.[2]
Liberty Park filed a motion for a summary judgment on November 19, 2010. In its motion for a summary judgment, Liberty Park argued that the gap between the fence frame and the clay-surfaced tennis court was not an unreasonably dangerous defect. Specifically, in a supporting affidavit, Liberty Park highlighted the fact that no injury similar to the one in this case had occurred in the 13½ years since the fence had been installed on the premises despite the fact that the court had been used continuously for that entire period. Miller filed an opposition to Liberty Park’s motion for a summary judgment on December 13, 2010. In his opposition, Miller argued that a claim of a defect to a fixture on a business owner’s premises coupled with a claim that the premises owner had failed to properly inspect or maintain the allegedly defective condition raised questions for a jury to resolve, pursuant to Alabama caselaw. Miller also attached his own affidavit and Liberty Parks’s maintenance invoices for the period when Duncan’s accident occurred.
Liberty Park responded to Miller’s opposition to its motion for a summary judgment on January 11, 2011, and attached an affidavit explaining the intended usage of the products listed on the maintenance records. On January 14, 2011, the trial court held a hearing regarding Liberty Park’s pending motion for a summary judgment. After conducting the hearing, the trial court entered a summary judgment in favor of Liberty Park on February 3, 2011. In its judgment, the trial court stated that Liberty Park had shifted the burden to Miller to present substantial evidence demonstrating that the gap between the fence frame and the clay-surfaced tennis court was an unreasonably dangerous defect and that Miller had failed to present substantial evidence demonstrating that this gap was indeed a defective condition. Accordingly, the trial court concluded, there was no genuine issue of material fact and Liberty Park was entitled to a judgment as a matter of law.
Miller filed a motion to alter, amend, or vacate the trial court’s judgment on March 4, 2011. The postjudgment motion was denied by operation of law. Miller timely appealed to the Alabama Supreme Court. The appeal was transferred to this court pursuant to Ala.Code 1975, § 12-2-7(6). Because the trial court had already entered summary judgments in favor of Brasfield & Gorrie and Williams Black-stock, see supra note 2, the summary judgment as to Miller’s claims against Liberty Park was a final judgment.
“In reviewing the disposition of a motion for summary judgment, ‘we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,’ Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988), and whether the movant was ‘entitled to a judgment as a matter of law.’ Wright v. Wright, 654 So.2d 542 (Ala.1995); Rule *91 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is ‘substantial’ if it is of ‘such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ Wright, 654 So.2d at 543 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala.1993); Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).”
Hobson v. American Cast Iron Pipe Co., 690 So.2d 341, 344 (Ala.1997).
On appeal, Miller argues that the trial court erred in entering a summary judgment in favor of Liberty Park on his negligence claim based on a premises-liability theory because, he says, the questions whether Liberty Park had notice of the alleged defect and whether Liberty Park failed to properly inspect and maintain the tennis court containing a defective fixture are questions for a jury to resolve, pursuant to Alabama law. Specifically, Miller argues that our supreme court’s holding in Mims v. Jack’s Restaurant, 565 So.2d 609 (Ala.1990), and this court’s reasoning in Edwards v. Intergraph Services Co., 4 So.3d 495 (Ala.Civ.App.2008), are applicable to the present case and, thus, that the trial court erred in entering a summary judgment.
It is well settled that “[t]he duty owed by a landowner to an injured party depends upon the status of the injured party in relation to the landowner’s land, i.e., is the injured party a trespasser, a licensee, or an invitee.” Galaxy Cable, Inc. v. Davis, 58 So.3d 93, 98 (Ala.2010) (footnote omitted). Although Liberty Park argued that Duncan was a licensee and not an invitee, the trial court considered Duncan to have been a business invitee of Liberty Park at the time of the injury for the purpose of addressing the summary-judgment motion, noting that the duty owed to an invitee is higher than the duty owed to a licensee. Id. Accordingly, for the purpose of reviewing the summary judgment, we too consider Duncan to have been an invitee.
The liability of a premises owner to an invitee is well established.
“‘A landowner owes an invitee the legal duty “to exercise reasonable care and diligence to keep the premises in a reasonably safe condition for the uses contemplated by the invitation, and to warn the invitee of known dangers, or dangers that ought to have been known, and of which the invitee was ignorant.” Lamson & Sessions Bolt Co. v. McCarty, 234 Ala. 60, at 62, 173 So. 388 (1937).’ ”
Ervin v. Excel Props., Inc., 831 So.2d 38, 41 (Ala.Civ.App.2001) (quoting Shelton v. Boston Fin., Inc., 638 So.2d 824, 825 (Ala.1994)).
However,
“ ‘[t]he owner of a premises ... is not an insurer of the safety of his invitees ..., and the principle of res ipsa loquitur is not applicable. There is no presumption of negligence which arises from the mere fact of an injury to an invitee.’ Tice v. Tice, 361 So.2d 1051, 1052 (Ala.1978). In order to overcome a defendant’s properly supported summary- *92 judgment motion, the plaintiff bears the burden of presenting substantial evidence as to each disputed element of [his] claim. See Ex parte Atmore Community Hosp., 719 So.2d 1190 (Ala.1998); Mann v. Bank of Tallassee, 694 So.2d 1375 (Ala.Civ.App.1996).”
Ex parte Harold L. Martin Distrib. Co., 769 So.2d 313, 314 (Ala.2000).
“Generally, an invitee must show not only that he was injured as the result of a defective condition on the owner’s premises, but also that the owner knew or should have known of the defective condition.” Edwards, 4 So.3d at 502. However, as Miller argued in the trial court and as he argues on appeal, a showing of actual or constructive knowledge is not required at the summary-judgment stage in some special circumstances. Specifically, in Mims the supreme court stated as follows:
“[I]n cases where the alleged defect is a part of the premises (in this case, a loose threshold in the main entrance of a restaurant), once a plaintiff has made a prima facie showing that a defect in a part of the premises has caused an injury, then the question whether the defendant had actual or constructive notice of the defect will go to the jury, regardless of whether the plaintiff makes a prima facie showing that the defendant had or should have had notice of the defect at the time of the accident.”
565 So.2d at 610; see also Isbell v. Aztecas Mexican Grill, 78 So.3d 420, 425 (Ala.Civ.App.2011) (reversing a summary judgment in favor of the restaurant on the ground that the restaurant’s actual or constructive knowledge of an alleged defect in a booth that collapsed under restaurant patron was a question for a jury to resolve).
Additionally, this court noted in Edwards that an exception to the general requirement that a plaintiff must present substantial evidence at the summary-judgment stage demonstrating that a premises owner had actual or constructive notice of a dangerous condition applies when “the premises owner has failed to perform a reasonable inspection or maintenance of the premises to discover and remedy the defective condition.” 4 So.3d at 503.
In this case, the trial court found that Miller failed to present evidence indicating that the gap between the fence frame and clay-surfaced tennis court was an unreasonably dangerous defect.
Specifically, the trial court’s judgment states:
“In its submissions, [Liberty Park] shifted the burden to [Miller] to show that the condition causing [Duncan’s] injury was dangerous. Here the [c]ourt finds that [Miller] presented no evidence that the premises were ‘dangerous.’ The submissions show that the courts and the fence had been in place for over thirteen years and that no one had been injured on it before. There is no evidence, either through expert testimony or otherwise, to show that the fence violated some standard of care.
“Here [Miller] has failed to submit any evidence that the Old Overton premises were not in a reasonably safe condition. There is no evidence that Liberty Park knew or should have known of any dangerous condition of which it should have warned [Duncan].
“The mere fact that an unfortunate injury occurred, does not give rise to an inference that a dangerous condition existed. Ex parte Harold L. Martin Distrib. Co., 769 So.2d 313 (Ala.2000). There is no presumption of negligence which arises from the mere fact of an injury to an invitee.”
Liberty Park contends that summary judgment was appropriate because the judgment included a finding that the fence *93 was not an unreasonably dangerous defect and, thus, that the exceptions noted in Mims and Edwards are inapplicable because those cases are contingent upon a finding that the premises contained a defective condition. We agree.
Initially, we note that the language of both Mims and Edwards, upon which Miller heavily relies, supports the contention that a plaintiff in a premises-liability action must present evidence that the condition of which it complains is defective. Specifically, Mims states: “[0]nce a 'plaintiff has made, a prima facie showing that a defect in a part of the premises has caused an injury, then the question whether the defendant had actual or constructive notice of the defect will go to the jury.” 565 So.2d at 610 (emphasis added). Additionally, Edwards states: “Generally, an invitee must show not only that he was injured as the result of a defective condition on the owner’s premises, but also that the owner knew or should have known of the defective condition.” 4 So.3d at 502 (emphasis added). Therefore, although these cases present exceptions to the general rule that a plaintiff must present evidence of actual or constructive knowledge of a defective condition at the summary-judgment stage in specific instances, these cases do not relieve a plaintiff of the requirement to present evidence of a defective condition at the summary-judgment stage.
Moreover, with regard to defective conditions in premises-liability cases, this court has stated:
“In Alabama, however, whether an elevation irregularity in a sidewalk, curb, or threshold constitutes an unreasonably dangerous condition or defect has, so far as we are able to tell, always been held to be an issue of fact when the plaintiff has presented evidence indicating that the irregularity creates a danger. See, e.g., Stephens v. City of Montgomery, 575 So.2d 1095 (Ala.1991); Mann v. Smith, 561 So.2d 1112 (Ala.1990); Bogue v. R & M Grocery, 553 So.2d 545 (Ala.1989); Waits v. Crown Dodge Chrysler-Plymouth, Inc., [770] So.2d [618] (Ala.Civ.App.1999); Williams v. Harold L. Martin Distrib. Co., Inc., [769] So.2d [316] (Ala.Civ.App.1999); Woodward v. Health Care Auth. of the City of Huntsville, 727 So.2d 814 (Ala.Civ.App.1998).
“In Stephens, the supreme court reversed a summary judgment for the City in a trip-and-fall case, holding that evidence of an uneven sidewalk, in which ‘one portion of the sidewalk ... was approximately one inch higher than another portion,’ 575 So.2d at 1096, was evidence of a defect in the sidewalk and created ‘a genuine issue of material fact, suitable for jury determination.’ Id. at 1097. In Mann, the supreme court also reversed a summary judgment in favor of the premises owner. The plaintiffs expert, an engineer, testified that the steps leading into the defendant’s business were defective because ‘[t]he top step was not level with the door jamb, but was slightly below the jamb so that someone entering the store had to step from the top step up to enter the store.’ 561 So.2d at 1114. The supreme court held that the plaintiffs had ‘established evidence from which a jury could find that a defect existed in the steps.’ Id.
“In Bogue, the supreme court reversed a summary judgment for the private premises owner in a slip-and-fall case. It held that the plaintiffs expert, a civil engineer, had presented sufficient evidence for a jury to determine whether the plaintiffs fall was caused by a defect in the premises. The engineer had testified that the fall was caused by a drop in elevation from the doorway of the store to the parking lot.
*94 “In Waits, this court held that an architect’s testimony — that the raised threshold over which the plaintiff tripped at an automobile dealer’s service department was unsafe and dangerous for customers — presented ‘a genuine issue of material fact ... as to whether a defect existed.’ [770] So.2d at [620].... In Woodward, a visitor to a hospital emergency room tripped and fell on a curb in the hospital’s parking garage. The plaintiffs expert testified that a ‘level change,’ combined with the nighttime fighting conditions in the parking garage, *create[d] a hazard for persons traversing on foot from the ... parking garage to the emergency room,’ 727 So.2d at 817. The hospital did not argue that the place where the plaintiff fell was not a dangerous defect; it argued only that the defect was open and obvious. This court assumed the existence of a defect and framed the issue in terms of whether the defect was open and obvious, concluding that the expert’s testimony presented a jury question as [to] whether the defect was open and obvious.”
Howard v. Andy’s Store for Men, 757 So.2d 1208, 1211-12 (Ala.Civ.App.2000). Howard illustrates the necessity of presenting evidence indicating that an irregularity on the premises, such as the gap between the fence frame and the clay-surfaced tennis court in this case, is defective in order to create a genuine issue of material fact.
In this case, the trial court found that Liberty Park presented evidence indicating that the gap between the fence framing and the clay-surfaced tennis court was not defective or unreasonably dangerous.[3] Therefore, the burden shifted to Miller to present substantial evidence demonstrating that the gap was indeed an unreasonably dangerous defect on the premises. However, the trial court clearly stated in its judgment that Miller had presented no such evidence, let alone substantial evidence, that the condition was dangerous.
Further, on appeal, Miller also fails to argue that the gap between the fence frame and the clay-surfaced tennis court is a defective condition; instead, he argues only that the questions whether Liberty Park had notice of the alleged defect and whether Liberty Park failed to properly inspect and maintain the tennis court containing an allegedly defective fixture are questions for a jury to resolve, pursuant to Alabama law. Thus, Miller has waived *95 any argument as to the trial court’s holding that there was no defective condition on the premises. See Pardue v. Potter, 632 So.2d 470, 473 (Ala.1994) (“Issues not argued in the appellant’s brief are waived.”).
Accordingly, we conclude that the trial court did not err in entering summary judgment in favor of Liberty Park on the negligence claim based on a theory of premises liability; we therefore affirm the trial court’s judgment.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. In addition to the premises-liability theory at issue, Miller alleged in an amended complaint that Liberty Park had been negligent in its design, construction, and creation of the fence around the tennis court, which he asserted was a dangerous condition. However, the trial court entered a summary judgment in favor of Liberty Park on this claim, and Miller did not argue this issue on appeal. Thus, we will not consider the propriety of the summary judgment on the negligent-design claim on appeal. See Pardue v. Potter, 632 So.2d 470, 473 (Ala.1994) (“Issues not argued in the appellant’s brief are waived.”).

. On September 30, 2010, Williams Black-stock filed a motion for a summary judgment stating that all the alleged claims against it were barred by the applicable statute of limitations. Brasfield & Gorrie filed a motion for a summary judgment on October 15, 2010, stating that the claims asserted against it were barred by the statute of limitations. The trial court entered separate summary judgments in favor of both Williams Blackstoek and Bras-field & Gorrie and certified both judgments as final pursuant to Rule 54(b), Ala. R. Civ. P. Miller has not appealed the summary judgments entered in favor of Williams Blackstoek or Brasfield & Gorrie.

. In its motion for a summary judgment, Liberty Park argued that the gap between the fence frame and clay-surfaced tennis court is not an unreasonably dangerous defect because, in the 13½ years since the completion of the tennis courts and the installation of the fencing, not a single injury had occurred involving a tennis player being hurt when his or her arm was caught under the fencing, despite the fact that the courts were constantly used during that period. See Robison v. Gantt, 673 So.2d 441 (Ala.Civ.App.1995) (affirming summary judgment for premises owner when the plaintiff failed to produce substantial evidence demonstrating that the premises owner knew or had reason to know that there was a danger posed by snakes near the apartment-complex pool when no one had ever been bitten by a snake in the pool area before); Butler v. AAA Warehousing & Moving Co., 686 So.2d 291 (Ala.Civ.App.1996) (affirming summary judgment for company that had presented evidence indicating that reviewing stand, which plaintiff claimed was unreasonably dangerous as erected, had been set up in the same manner with the allegedly dangerous 5-inch vertical gaps between levels for 25 years without injury to a parade patron); and Edwards, supra (affirming summary judgment on design-defect claim when the allegedly defective flooring had been used for over 14 years without injury). Liberty Park also submitted the affidavit of Samuel G. Lowrey III, the project manager for Liberty Park, to further support its assertion that the fencing was not a defect of the premises.